[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Keith Stadler, has filed a four count complaint against the defendants, Per K. Reichborn and Edward J. McCarty, Inc., (McCarty). In the first count, the plaintiff alleges the following facts. The defendant Reichborn owns property on West Avenue in Stamford. The plaintiff supplied labor and materials in CT Page 3632 the construction of a joint office and light manufacturing facility on the property pursuant to an agreement with defendant McCarty, the general contractor for the building. The plaintiff commenced work in October 27, 1989, and completed his work on August 27, 1990. Although his contract with McCarty indicated payment of $49,534.00, to date he has received only $31,900.00, leaving a balance due of $17,634.00. On October 31, 1990, the plaintiff served on Reichborn a notice of intent to file and a copy of a mechanic's lien. In count one of his complaint, the plaintiff seeks to foreclose the mechanic's lien. me second count alleges a breach of contract by McCarty. The third and fourth counts, directed against defendant Reichborn, allege claims in quantum meruit and unjust enrichment, respectively.
The defendant, Reichborn, filed an answer along with five special defenses. In the special defenses directed to count one, Reichborn alleges that because he paid the general contractor all sums that were due, in good faith and without knowledge that the general contractor was not paying the subcontractors, he has no liability to the plaintiff. Reichborn also alleges that the general contractor abandoned the project and that he was forced to complete the project and thereby incurred additional costs. Reichborn claims that these actions eliminated any liability to the general contractor and, therefore, extinguished any liability to a subcontractor such as the plaintiff. Finally, Reichborn alleges that the amount owed to the plaintiff, if any, is less than the amount claimed in the plaintiff's lien. Thereafter, Lametta Construction Co., Inc. (Lametta), another subcontractor, was also made a party defendant as it had filed a mechanic's lien on the Reichborn property as well. Lametta then filed a cross-complaint against Reichborn seeking to foreclose its mechanic's lien.
The plaintiff has now filed a motion for summary judgment (#155) as to count one of his complaint against Reichborn, asserting that there remains no genuine issue as to any material fact in count one. The plaintiff also filed his affidavit; a copy of the contract between Reichborn and McCarty; a copy of Reichborn's response to the plaintiff's interrogatories; and the affidavit of Kenneth Lametta, the president of Lametta, accompanied by a copy of the return receipt and a copy of the notice to Reichborn of Lametta's lien.
Reichborn has objected to the motion for summary judgment. Filed along with the objection were a copy of the contract between himself and McCarty, and copies of authorizations for additional CT Page 3633 work. Reichborn filed a supplemental memorandum accompanied by another affidavit by himself, a copy of a cross-complaint filed by Lametta against Reichborn, which seeks to foreclose the Lametta's mechanic's lien, and copies of authorizations for additional work.
At oral argument on the motion for summary judgment, on January 4, 1993, the plaintiff filed with the court copies of payment authorizations and checks from him to McCarty. The defendant Reichborn filed a supplemental affidavit that incorporated a copy of the contract between himself and McCarty, a copy of a portion of the plaintiff's interrogatories as answered by Reichborn, and a copy of a list containing the plaintiff's name as a subcontractor.
Summary judgment is appropriate if the pleadings, affidavits and any other proof submitted by the parties show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. The "party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991).
Both parties must present evidence to substantiate their claims. "'Mere assertions of fact, whether contained in a complaint or in a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380."' Kakadelis v. DeFabritis, 191 Conn. 276, 281, 464 A.2d 57 (1983), quoting Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12,459 A.2d 115 (1983). Evidence that would be inadmissible at trial, however, is insufficient to support a motion for summary judgment. Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1980). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Wadia Enterprises. Inc. v. Hirschfeld, 224 Conn. 240, 247,618 A.2d 506 (1992) (internal quotation marks omitted).
The plaintiff argues that some of the payments Reichborn made to McCarty were not made in good faith. His affidavit contends that Reichborn never gave him notice that he was paying McCarty in advance of the time stipulated in their contract. The plaintiff also claims that Reichborn made payments to McCarty after he had received notice of the Lametta mechanic's lien. The plaintiff CT Page 3634 contends that the amount of any payments that were not made in good faith should be available to satisfy his mechanic's lien.
"Under Connecticut law, a subcontractor's right to enforce a mechanic's lien against a property owner is based on the doctrine of subrogation. The theory of subrogation allows the [lienor] to recover only to the extent the general contractor could recover from the [owner]." (Citation omitted.) W. B. Glenney Co. v. Bianco, 27 Conn. App. 199, 201, 604 A.2d 1345 (1992). See also General Statutes 49-36(a). Where the total amount of the outstanding liens exceeds the difference between the contract price and the amount already paid in good faith to the general contractor, the available sum is apportioned among the lienors in proportion to the amounts of their liens. General Statutes 49-36(b), (c). A payment to the general contractor is not considered to have been made in good faith if it has been made after the owner receives notice of a mechanic's lien, or if it is made in advance of the time specified in the contract without providing notice to the subcontractors. General Statutes 49-36(c).
Because a subcontractor is subrogated to the rights of the general contractor, before the plaintiff can foreclose on his mechanic's lien he must establish that there are monies owed from which the judgment may be paid. The plaintiff claims that the original contract price was $2,300,000.00; that Reichborn has paid McCarty $215,000.00, after he had received notice of the Lametta lien; and that at the time McCarty abandoned the project it had received 108% of the contract price rather than the maximum of 95% specified in the contract. Reichborn contends that, although the contract stated a price of $2,300,000.00, the contract also stated that the price could be changed if the owner requested additional work. In his affidavit Reichborn states that the revised contract price was in excess of $2,406,008.00. He also details other amounts expended in completing the project. Reichborn also states in his affidavit that "no payments were made to Edward J. McCarty, Inc. after I received knowledge that any mechanic's lien had been filed against the property." The plaintiff has not established the actual value of the contract and what, if any, monies are still available to satisfy a mechanic's lien. Therefore, there remains a question of fact as to whether any award is possible and, even if an award was possible, the amount of such an award.
Therefore, the plaintiff's motion for summary judgment is denied. CT Page 3635
So Ordered.
Dated at Stamford, Connecticut this 16th day of April, 1993.
WILLIAM BURKE LEWIS, JUDGE