FREDA GEORGE ET AL. *v.* ST. ANN'S CHURCH ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued October 10—decision released November 11, 1980

*Robert L. Fisher, Jr.,* for the appellants (plaintiffs).

*Jackie Chan,* for the appellees (defendants Janet Ross and Mary Sharp).

COTTER, C. J. Paul P. DeLuca was named executor under the will of Nora Andrews. After her death, the Probate Court, over the plaintiffs' objections, granted DeLuca's petition to admit the will to probate and appointed him the executor of the estate. The plaintiffs filed an appeal alleging that they were heirs at law of the deceased and that they were aggrieved by the order and decree of the Probate Court in admitting the document to probate. The Probate Court allowed the plaintiffs' appeal and ordered that notice of the appeal be given to various named persons and institutions. The court did not order that notice be given to DeLuca, the executor and fiduciary of the estate, and he was not served with such notice.[1] See General Statutes § 45-294. The appeal was returnable to the Superior Court on May 29, 1979. On September 12, 1979,

---

[1] Among those whom the Probate Court ordered to be notified were Mary Sharp and Janet Ross, the principal beneficiaries under the will. The law firm of DeLuca and Chan, of which the executor under the will, DeLuca, is a partner, represents Sharp and Ross. Attorney Jackie Chan, a member of the firm, filed the motion to dismiss on their behalf.

the Superior Court granted the defendants' motion to dismiss the appeal on the ground that the failure to name the executor as a defendant deprived the court of subject matter jurisdiction over the appeal.

General Statutes § 45-288 confers upon "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law" a right to appeal which cannot be defeated by any omission of the Probate Court. *Donovan's Appeal from Probate,* 40 Conn. 154, 156 (1873). General Statutes § 45-294 directs the Probate Court to order notice to interested persons. It does not impose a responsibility on appellants. Id., 155–56; *Coughlan v. Murphy,* 134 Conn. 601, 604–605, 59 A.2d 729 (1948). These notice requirements are not essential to probate appeals. *Orcutt's Appeal from Probate,* 61 Conn. 378, 381, 24 A. 276 (1892). Therefore the failure to name an adverse party in a probate appeal does not deprive the Superior Court of subject matter jurisdiction. *Donovan's Appeal from Probate,* supra, 155–56; *Coughlan v. Murphy,* supra, 604. The rule of *Donovan's Appeal* applies even when the executor, the legal representative of the testatrix, has not received notice. *New York East Annual Conference v. Seymour,* 151 Conn. 517, 522, 199 A.2d 701 (1964). Since the Superior Court had subject matter jurisdiction over the appeal even without notice to the executor, the motion to dismiss was improper. Therefore we reverse. The defect in notice, however, should be corrected before trial. General Statutes § 45-294; *New York East Annual Conference v. Seymour,* supra.

Prior to 1978 the filing of a demurrer was the proper procedure for challenging the absence of

a potentially indispensable party. 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1970) § 105, pp. 430–31. The demurrer has been replaced by the motion to strike pursuant to Practice Book, 1978, § 152, which reads, in part: "Whenever any party wishes to contest . . . (3) the legal sufficiency of any such complaint, counter-claim or cross-complaint, or any count thereof, because of the absence of any necessary party . . . that party may do so by filing a motion to strike the contested pleading or part thereof. A motion to strike on the ground of a non-joinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action." In the event that there is any ambiguity in the foregoing provision regarding the use of a motion to strike, the Practice Book also states: "As set forth in Sec. 152, the exclusive remedy for nonjoinder of parties is by motion to strike." Practice Book, 1978, § 198. This exclusive remedy applies to nonjoinder of indispensable parties.

The earlier Practice Book allowed pleading over after the sustaining of a demurrer. The Practice Book at the time in question allowed the party whose pleading was stricken to replead within fifteen days. Practice Book, 1978, § 157. The intent of the respective provisions was to allow testing of the legal sufficiency of the pleadings and to allow amendment as a matter of right within fifteen days to remedy any correctable defects.

We do not reach the question of whether DeLuca is an indispensable or a necessary party in an appeal from his appointment and the admission of

the will to probate because in either event the failure to allow the plaintiffs to attempt to correct the defect would demand the same result in this case.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.