[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
FACTUAL BACKGROUND
The plaintiff, the East Hartford Housing Authority, filed a two-count complaint and application for a temporary injunction against the defendant, John F. Papandrea, Commissioner of the Connecticut Department of Housing, alleging the following facts. The plaintiff is a public housing authority authorized by General Statutes 8-39(a) to operate within the city limits of East Hartford. Plaintiff's business includes the administration of Federal Section 8 Rental Assistance Program,42 U.S.C. § 1437A, (hereinafter Section 8 Program) under which it makes housing assistance payments to qualified applicants, through an "Annual Contribution Contract" (hereinafter ACC) with the U.S. Department of Housing and Urban Development (hereinafter HUD). Plaintiff is obligated to maintain a 95% utilization rate of the Section 8 Program.
Plaintiff further alleges that the defendant administers a Section 8 Program in East Hartford without authority. The defendant allegedly stated in writing to the plaintiff that it would not limit its area of operation. Consequently, plaintiff alleges that it may lose its federal funding.
On May 24, 1990, the defendant filed a motion to strike the complaint on the ground that each tenant currently holding a certificate issued by the State pursuant to the Section 8 Program and each landlord currently renting to such a tenant is an indispensable party that is absent from the litigation. The defendant claims that the State has contracts with these persons which would be affected by any decision rendered by this court.
The plaintiff filed its objection to the motion to strike claiming that the defendant is not a Public Housing Authority (hereinafter PHA) as defined by Title 24, Part 882 of the CT Page 539 Code of Federal Regulation. Further, plaintiff asserts, notwithstanding that defendant is illegally acting as a PHA in East Hartford, the ACC provides for such situations by allowing HUD to declare a "Substantial Default" and to assume the PHA's obligations under the contract. Thus, the tenants and landlords will not be impacted by the court's decision.
ISSUES
Whether the defendant's motion to strike the complaint on the ground that indispensable parties are absent from the litigation may be granted when the court's decision will not impact on the nonjoined parties.
Whether the defendant's motion to strike the complaint on the ground that indispensable parties are absent from the litigation may be granted when the moving party failed to specifically identify the nonjoined parties in violation of Practice Book 152.
LAW AND CONCLUSION
The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Practice Book 152; Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). The exclusive remedy for nonjoinder of parties, including the indispensable parties, is by the motion to strike. George v. St. Ann's Church, 182 Conn. 322, 325 (1980). When the absence of a necessary party is raised, the motion to strike must be used to contest the pleading or part thereof. Id. Further, "[a] motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action." Practice Book 152.
The distinction between indispensable parties and necessary parties has become blurred. Sturman v. Socha,191 Conn. 1, 6 (1983). Therefore, a definition of the terms may be helpful. Id. Parties are characterized as "indispensable" when they "not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience." Fong v. Planning Zoning Board of Appeals, 212 Conn. 628,632 (1989). "Necessary" parties are considered "[p]ersons having an interest in the controversy, and who ought to be CT Page 540 made parties, in order that the court may act on that [matter] which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it . . . ." Demar v. Open Space 
Conservation Commission, 211 Conn. 416, 4Z7 (1989). "[B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties." Sturman v. Socha, supra, 6. Furthermore, the court has stated that "[h]olders of interests in land which will not be disturbed or affected by the relief requested need not be joined." Gill v. Shimelman, 180 Conn. 568, 571 (1980).
In the present case, the defendant claims that the landlords and almost 2,000 tenants who have contracted for rental assistance pursuant to the Section 8 Program with the State Department of Housing are indispensable parties whose interests will be detrimentally affected by the court's decision. Defendant argues that if granted, the relief sought would cause tenants the loss of their homes, landlords the loss, of several months' rent, and legal battles between landlords and tenants.
Plaintiff refutes that argument, however, and cites pertinent sections of the ACC contract form required by HUD with each PHA operating the Section 8 Program in Connecticut. Section 2.16(a)(2), concerning defaults, of the Annual Contributions Contract states in relevant part:
 . . . if the Contract is held to be void, voidable or ultra vires, or if the power or right of the PHA to enter into the Contract is drawn into question in any legal proceeding, . . . HUD may . . . declare a Substantial Default under this ACC. Where HUD so determines, it shall have the right to assume the PHA's rights and obligations under the Contract, perform the obligations and enforce the rights of the PHA, and exercise such other powers as HUD may have to cure the default.
Further, 2.16(b)(1) states in relevant part:
 If the PHA . . . fails to comply with the applicable provisions of the [U.S. Housing] Act [of 1937] and the regulations issued pursuant thereto; HUD may . . . determine that the occurrence of [this event] constitutes a Substantial Default under this ACC as to CT Page 541 the Project. Upon the occurrence of a Substantial Default with respect to any Project, the PHA shall, if HUD so requires, assign to HUD all of its rights and interests under the Agreement or Contract, including any funds, and HUD shall continue to pay Annual Contributions with respect to dwelling units covered by Housing Assistance Payments Contracts in accordance with the terms of this ACC and of the Contracts until reassigned to the PHA.
Thus, plaintiff asserts that if the court decides that the defendant is barred from operating the Section 8 Program in East Hartford, HUD would take over administration of that Program. Therefore, plaintiff asserts, the decision will not impact on the tenants or landlords in question.
Since the tenants and landlords in question will not be adversely affected by the court's decision, the court can proceed to a decree, and do complete and final justice without bringing such parties before the court. Accordingly, the landlords and tenants are not indispensable parties pursuant to Practice Book 152, and thus, on that substantive ground, the motion to strike the complaint is denied.
At oral argument, plaintiff claimed that defendant failed to include the names and addresses of the allegedly "indispensable parties" as required by Practice Book 152. Plaintiff asserted that the relevant housing was owned by private individuals and that their names and addresses should have been made available.
The defendant, as the moving party, should have included the name, residence, or information leading to the specific identity of the nonjoined parties with his motion to strike. Accordingly, landlords and tenants are not properly identified and thus, the defendant's motion to strike is also procedurally defective and is denied on this additional ground.
FREED, JUDGE