[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action is Grubb Ellis Company, a commercial real estate brokerage firm. The defendants are Robert Dinardo, Sr., and Robert Dinardo, Jr., individually and doing business as Milford Terminal LTD. This action arises out of the defendants' alleged refusal to pay to the plaintiff a commission allegedly due and owing as the result of the plaintiff having secured a tenant for real property owned by the defendants.
The complaint contains three counts: (1) breach of the listing agreement pursuant to Conn. Gen. Stat. 20-325a, (2) fraudulent misrepresentation, and (3) violation of Conn. Gen. Stat. 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA).
The defendants have filed an answer and two special defenses. The first special defense claims that the listing agreement signed by the parties is not in compliance with Conn. Gen. Stat. 20-325a(b) and is unenforceable, in that: (1) the address of each owner is not set forth in the listing agreement, and (2) all the conditions of the listing agreement are not set forth. The defendants allege no other facts in the first special defense. The second special defense alleges that Ralph Dinardo is a necessary party to this action, and neither he nor his estate is named as a party.
The plaintiff has filed a motion to strike the special defenses, accompanied by a supporting memorandum. The defendants filed an objection to the motion to strike and a supporting memorandum.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). In reviewing a motion to strike, the court "must take the facts to be those alleged in the plaintiff's complaint, and must construe the complaint in the manner most favorable to the plaintiff." Mozzochi v. Beck, 204 Conn. 490, 491 (1987). "In judging a motion to strike,. . .' it is of no moment that the [party] may not be able to prove [his] allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132 (1983). CT Page 780
Connecticut General Statutes Section 20-325a(b) states that:
 [n]o person. . . shall commence or bring any action in respect of any acts done or services rendered. . . unless such acts or services were rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered. To satisfy the requirements of this subsection any such contract or authorization shall. . . (2) contain the names and addresses of all the parties thereto. . . [and] (4) contain the conditions of such contract or authorization.
"[T]he statute provides that a licensed real estate broker may bring an action to recover a commission, only if he enters into a contract that complies with the requirements enumerated in the statute." Rostenberg-Doern Co. v. Weiner,17 Conn. App. 294, 305 (1989). "This statute has been viewed by our courts as being mandatory and subject to strict construction." Id. at 305, quoting Howland v. Schweir, 7 Conn. App. 709, 714 (1986).
This Court finds that the defendants have alleged a sufficient basis upon which to proceed further in asserting their statutory defeasance claim in their first special defense. Therefore, the motion to strike the first special
The plaintiff seeks to strike the second special defense in that it improperly alleges that the Estate of Ralph Dinardo is a necessary party."
"Whenever any party wishes to contest. . . (3) the legal sufficiency of any such complaint. . . or any count thereof, because of the absence of any necessary party. . . that party may do so by filing a motion to strike the contested pleading or part thereof." Conn. Practice Bk. 152. "As set forth in Sec. 152, the exclusive remedy for nonjoinder of parties is by motion to strike." Conn. Practice Bk. 198; see also George v. St. Ann's Church, 182 Conn. 322, 325 (1980).
The defendants' second special defense alleges that Ralph Dinardo is a necessary party to this action, and that neither he nor his estate has been named by the plaintiff as a defendant. The absence of a necessary party can be raised only by a motion to strike the complaint, and is an improper special defense. Consequently, the defendants' second special defense is legally insufficient. Accordingly, the plaintiff's motion to strike the second special defense is granted. CT Page 781
CLARANCE J. JONES, Judge