[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE #103
The plaintiff, David Dean, brings this action to recover monies allegedly lent by plaintiff to a corporation in which plaintiff and defendant, Phyllis Mueller, are the sole shareholders. Plaintiff's complaint alleges the following facts. In 1988 plaintiff and defendant incorporated a property management company under the name of Litchfield Hills Management Company, Inc. (hereinafter the Corporation). Plaintiff is the vice president, secretary and director of the corporation. Defendant is the president, treasurer and director of the corporation. Plaintiff alleges he lent monies to the corporation, purchased equipment for the corporation, paid corporate expenses, and provided rental space to the corporation. Plaintiff alleges that defendant has failed and refused to repay the monies plaintiff lent to the corporation.
On October 23, 1990 defendant filed a motion to strike the first count of plaintiff's complaint and a supporting memorandum of law.
On October 31, 1990, plaintiff filed a memorandum of law in opposition to the motion to strike. The purpose of a motion to strike is to "contest. . .the legal sufficiency of the allegations of any complaint. . .to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The motion to strike is also the proper vehicle to raise the absence of a necessary party. George v. St. Ann"s Church, 182 Conn. 322, 325
(1980). The facts alleged in the complaint are to be construed in a manner most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2 (1990). CT Page 4882
Defendant asserts two grounds in support of the motion to strike the first count of plaintiff's complaint. First, defendant argues the complaint seeks to recover damages from defendant on the basis of loans allegedly made by plaintiff to the corporation; thereby failing to state a cause of action for which relief may be granted. Defendant cites Scribner v. O'Brien, Inc., 169 Conn. 389 (1975) for the preposition that corporate officers are not personally liable for corporate debts simply because of their official position.
Plaintiff, in opposition to the motion to strike, argues that defendant has committed a tort by refusing to make loan repayments from the corporation to the plaintiff. Plaintiff also cites the Scribner case and argues that "where. . .an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby." Id. at 404.
"Generally, a corporation is a distinct legal entity and the stockholders are not personally liable for the acts and obligations of the corporation. Saphir v. Neustadt, 177 Conn. 191, 209 (1979). The allegations contained in the plaintiff's complaint are based on an alleged agreement between plaintiff and defendant whereby plaintiff would provide financial backing to the corporation and defendant would render full time service to the corporation and be the active partner in its day to day affairs and operations. Therefore, the plaintiff is entitled to maintain this action to recover from defendant, personally, any monies which defendant may have agreed to repay plaintiff. See Arbour v. McCullough, 186 Conn. 280 (1982). Accordingly, defendant's motion to strike the first count of plaintiff's complaint is denied on this ground.
The second ground advanced by defendant, in support of the motion to strike, is the failure to join the corporation as a necessary party to the action. Defendant argues the plaintiff's claim that he lent money and provided other benefits to the corporation is essentially a cause of action against the corporation. Defendant contends that the corporation is a necessary party to this action.
"Necessary parties. . .have been described as persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the controversy, and do complete justice, by adjusting all the rights involved in it." Sturman v. Socha, 191 Conn. 1, 6-7 (1983).
The corporation is not a necessary party to this action. In construing the allegations most favorably to the pleader, the complaint is based on an alleged agreement between plaintiff and defendant. Accordingly, the defendant's motion to strike the first count of plaintiff's complaint is denied on this ground. CT Page 4883
DRANGINIS, J.