[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112)
The alleged facts in this action for an accounting, conversion and CUTPA are as follows:
The plaintiff is an association of condominium unit owners, known as the Fairfield House Condominium Association (Association). The Association maintained a bank account utilized for the deposit of condominium common charges at the defendant First National Bank of Stamford (Bank). CT Page 4216
Beginning in July, a Bank customer, the NW Group, Inc. withdrew funds from the Bank; the Bank charged over $120,000 of NW Group, Inc. withdrawals against the Association's account, without the authorization of the Association. In November, 1989, the bank set off over $200,000 in an NW Group, Inc. account against NW Group, Inc.'s indebtedness to the Bank. The Association attempted to withdraw its balance from the bank; the bank withheld an amount attributed to the NW Group, Inc. withdrawals which had been charged against the Associations' account.
Plaintiff Association brought a one count complaint on January 3, 1990, against the defendant Bank, in an action for an accounting. The Bank filed an answer and special defense on March 16, 1990 wherein it claimed by way of special defense that the plaintiff is estopped because of its failure to notify the Bank of any forgery or error within the period enumerated in the Deposit Account Agreement.
The plaintiff then filed an amended complaint adding a second count in conversion and a third count claiming a violation of Conn. Gen. Stat. 42-110b, the Connecticut Unfair Trade Practices Act.
Defendant filed a motion to dismiss based on the same case being heard in Bankruptcy Court against NW Group, Inc. The motion was denied by the court, Lewis, J., on December 26, 1990.
The defendant Bank now moves to strike the complaint because of the absence of necessary parties, namely Terrence Cooke and Company, and the NW Group, Inc.
The purpose of a motion to strike is to contest the absence of any necessary party. . . . Conn. Practice Bk. 152(3) (1990). The motion to strike admits all facts well pleaded. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988) and must construe those facts in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273,278 (1988). When the absence of a necessary party is raised, the motion to strike must be used to contest the pleading or part thereof. George v. St. Ann's Church,182 Conn. 322, 325 (1980). A motion to strike on the ground of nonjoinder of a necessary party . . . must state his [the missing party's] interest in the cause of action.
 Necessary parties have been described as "`[p]ersons having an interest in the controversy, and who ought CT Page 4217 to be made parties, in order that the court may act on that [matter] which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . .'"
Demar v. Open Space Conservation Commission, 211 Conn. 416,427 (1990).
 [B]ut if their interest are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other person not before the court, the latter are not indispensable parties. (citations omitted).
Sturman v. Socha, 191 Conn. 1, 6-7 (1990). "In short, a party is `necessary' if its presence is `absolutely' required in order to assure a fair and equitable trial. (citation omitted." Biro v. Hill, 214 Conn. 1, 6 (1990).
The defendant Bank in its memorandum of law presented facts purporting to indicate why Terrence Cooke and Company and the NW Group, Inc. are necessary parties to this action. The Bank states that in 1987, the Association hired Terrence Cooke and Company to perform management services. Terrence Cooke and Company collected the monthly association fees for the Association. The funds were maintained in a separate account at the Bank. Terrence Cooke and Company transferred money, pursuant to a management agreement with the Association, from the Association account to Terrence Cooke and Company's account, to pay association expenses, from time to time.
In 1989, the Bank argues, Terrence Cooke and Company was sold to NW Group, Inc. NW Group, Inc. also established a bank account, separately, at the Bank, and caused funds to be transferred from the Association's account to an NW Group account in November, 1989. The Bank argues that all such transfers were made either under the order of Terrence Cooke and Company or of NW Group, Inc. as the successor of Terrence Cooke and Company, and not the Bank's independent authority. Subsequently, NW Group, Inc. was the subject of an involuntary bankruptcy filing.
The plaintiff argues in opposition that the bank failed to protect and preserve the Association's money and it is not the obligation of the plaintiff "to chase down whoever took money from the defendant bank." The plaintiff further argues that Terrence Cooke and Company was not acquired by the NW Group, Inc. CT Page 4218
Both parties cited to Biro v. Hill, 214 Conn. 1 (1990) in their memoranda. The plaintiff in Biro alleged inducing breach of contract, conversion and interference with economic expectations against a law firm which allegedly induced Biro's law partner, Hill, to allow the partnership to be acquired, but to remove Biro. The defendant law firm moved to strike the counts remaining as to it in the complaint on the ground that Hill was a necessary party. The Supreme Court stated that "in the two counts . . . the allegation of liability is solely against Sidney and Austin, and, therefore, Hill could not have been joined. . ."
 When joinder is permitted . . . each tortfeasor may be sued severally, and held responsible for the damage caused, although other wrongdoers have contributed to it. The defendant cannot compel the plaintiff to make the others parties to the action, or complain because they have not been joined. . . . W. Prosser W. Keeton, the Law of Torts (5th Ed. 1984). (other citations omitted).
Biro, 214 Conn. at 7.
In the instant case the allegations are solely against the defendant Bank. The Association alleges that NW Group, Inc. withdrew funds from the Bank and that the Bank charged those withdrawals against the Association's account without the Association's approval.
The defendant Bank has stated reasons why the Bank is interested in having Terrence Cooke and Company and NW Group declared necessary parties, however, the Bank has failed to state the interests of Terrence Cooke and Company and NW Group in the action, as required by Conn. Practice Bk. 152.
It is found that the plaintiff's claims against the Bank are separable from any claims it may have against Terrence Cooke and Company and NW Group. It is the opinion of the court that the Association's claim for an accounting in count one, conversion of funds by the Bank in count two, and CUTPA in count three can be resolved between the parties without the presence of Terrence Cooke and Company or NW Group therefore, Terrence Cooke and Company and NW Group, Inc. are not necessary parties. Any claims the Bank may have against Terrence Cooke and Company or the NW Group, Inc. may be determined in a separate action.
Accordingly, the defendant's motion to strike the complaint is denied.
JOHN J.P. RYAN, J. CT Page 4219