[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PIKOR'S
MOTION TO INTERVENE AND MOTION TO DISMISS
On November 18, 1991, the plaintiff, Allan A Crystal, the Connecticut Commissioner of Revenue Services, filed a probate appeal of an October 28, 1991 decision involving the domiciliary status of Ann C. Grzywna. Her estate is the named defendant in the appeal. On June 18, 1992, Edward A. Pikor, moved to intervene as a defendant in the appeal. Pikor argues that as the defendant Grzywna's brother and heir-at-law, he is interested in the action and should be joined as a defendant. Simultaneous to filing the motion to intervene, Pikor filed a motion to dismiss the appeal on the ground that the court does not have jurisdiction over the subject matter of the appeal because of insufficiency of service of process. on June 25, 1992, the plaintiff filed an objection to the intervening party's motion to dismiss. The plaintiff argues that the motion to dismiss was filed more than thirty days from the appearance of the defendant in violation of practice Book 142. Therefore, the plaintiff argues that the issue of insufficient process is waived.
Preliminarily, it is noted that Pikor's motion to intervene must be ruled upon before the motion to dismiss can be considered. The motion to dismiss is a procedural device for use by defendants already in an action. Practice Book 142.
"The decision whether to grant a motion for the addition CT Page 8823 of a party to pending legal proceedings rests generally in the sound discretion of the trial court." Lettieri v. American Savings Bank, 182 Conn. 1, 13, 437 A.2d 882 (1980). In the exercise of that discretion, the court might reasonably take into account the potential for delay, the possibility of prejudice to the intervening party if the motion is denied, and the effects of joinder on the existing parties. Id. "The real issue in any motion for joinder is the presence of all interested parties, either as plaintiffs or as defendants to enable the court to make a complete determination of all matters in controversy." Id. In the instant matter, the court finds that Edward Pikor, as a brother and heir-at-law, has a sufficient interest in this probate appeal, and accordingly, grants his motion to intervene as an additional party defendant.
Having granted Pikor's motion to intervene, then the issue of the motion to dismiss may be properly considered. "A motion to dismiss is the proper vehicle to test the jurisdiction of the court." Zizka v. Water Pollution Control Authority of the Town of Windham, 195 Conn. 682, 685,490 A.2d 509 (1985). Except in the special circumstances of administrative appeals, defects in process do not deprive the court of subject matter jurisdiction. City of Bridgeport v. Debek,210 Conn. 175, 179, 554 A.2d 728 (1989).
The intervening party, Pikor, argues that pursuant to General Statutes 45a-192, an appellant in a probate appeal must give notice by service to whichever interested parties the probate court deems necessary. Pikor further argues that since procedural defects rendered notice to several interested parties defective, the appeal must be dismissed because the court lacks subject matter jurisdiction over the appeal. The plaintiff argues in opposition that the issue of jurisdiction is waived because the motion to dismiss was not filed within thirty days of the defendant's appearance as required by Practice Book 142.
First, subject matter jurisdiction is not subject to waiver. Practice Book 145. Further, the plaintiff's argument is in error as to the facts of the case. The appearance noted in the plaintiff's memorandum in opposition to the motion to dismiss is that of the named defendant's counsel and not the appearance of the intervening party's counsel. The intervening party's counsel filed an appearance on June 18, CT Page 8824 1992, the same day that the intervening party's motion to dismiss was filed. The timeliness of the filing is not an issue.
Notwithstanding, the intervening party's argument that his lack of notice requires dismissal of the appeal is not supported by case law. The right to appeal a probate order cannot be defeated by an omission of the probate court. George v. St. Ann's Church, 182 Conn. 322, 324, 438 A.2d 97
(1980). The notice statute for probate appeals directs the probate court to order notice to interested persons. Id. "It does not impose a responsibility on appellants." Id. The statutes notice requirements are not essential to probate appeals. Id. "Therefore the failure to name an adverse party in a probate appeal does not deprive the Superior Court of subject matter jurisdiction." Id.
Further, the appellant was merely following the order of the Probate Judge with reference to service of the appeal. Accordingly, Pikor's motion to dismiss is denied.
JOSEPH H. GOLDBERG, SENIOR JUDGE.