[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before this Court on defendants' motion to strike the complaint. The defendant claims that the plaintiffs failed to join a necessary party, i.e. Integrated Resources.
A motion to strike is the exclusive remedy for nonjoinder of indispensable parties. George v. St. Ann's Church, 182 Conn. 322, 325, 439 A.2d 97 (1980). "A motion to strike on the ground of nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and CT Page 7118 residence and must state his interest in the cause of action." Practice Book 152(3).
 Necessary parties are those: [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. Shields v. Barrow, [58 U.S. (17 How.) 130, 139, 15 L.Ed. 158 (1854)]. In short, a party is "necessary" if its presence is "absolutely required in order to assure a fair and equitable trial."
Sturman v. Socha, 191 Conn. 1, 6-7, 463 A.2d 527 (1983).
A close reading of the plaintiff's complaint indicates that the allegations are directed solely toward the individual defendant Cooper in his capacity as financial advisor. The only relevance that Integrated Resources has is that it sponsored the investments.
Citing in Integrated Resources would in no way affect the outcome as to Cooper. The determination of whether Cooper is liable for fraudulent misrepresentation, fraud, CUTPA violations or breach of a fiduciary duty would in no way be altered by Integrated Resources being made a party to the action.
The motion to dismiss is denied.
Mihalakos, J. CT Page 7119