[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DEFENDANTS' MOTION FOR ARTICULATION AND RECONSIDERATION (NO. 138)
It has been held that "[n]onjoinder of a party is not a jurisdictional issue because General Statutes 52-108 and Practice Book 100 both explicitly provide that nonjoinder does not defeat an action." W.G. Glenney Co. v. Bianco, 27 Conn. App. 199,202, 604 A.2d 1345 (1992). Thus, based on the language of 52-108, the subject matter jurisdiction of this court is not implicated. Although this rule would seem to create an "anomaly" in the present case, this "anomaly" may be cured by joining the corporation as a party plaintiff and amending the complaint pursuant to Practice Book 157. See George v. St. Ann's Church, 182 Conn. 322, 324-25, 438 A.2d 97
(1980).
A motion to strike is the exclusive method for challenging a complaint for failure to join a party. See W.G. Glenney Co. v. Bianco, supra, 202. If a court were to grant a motion for summary judgment on the ground of nonjoinder, it would create a true "anomaly" because a final judgment would enter and the plaintiff would be deprived of the opportunity to correct the defect and amend the complaint. Such a judgment would be an "anomaly" in light of the fact that nonjoinder does not defeat the action and the fact that new parties may be added and CT Page 8806 summoned in "at any stage of the action, as the court deems the interests of justice require." General Statutes 52-108.
The legal sufficiency of a complaint can be challenged by way of a motion for summary judgment only when the pleadings are closed and "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Boucher Agency, Inc. v. Zimmer, 160 Conn. 404,409, 279 A.2d 540 (1971). In the present case, the defendants did not show that there is no genuine issue as to any material fact. Also, the defendants are not entitled to judgment as a matter of law based on nonjoinder unless the plaintiffs, after the granting of a motion to strike, fail to replead pursuant to Practice Book 157.
In Burke v. Avitabile, 32 Conn. App. 765, 772, A.2d (1993), the Appellate Court characterized the Boucher decision as "anomalous," and stated that "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Id., 772 and n. 5.
The defendants' Motion for Articulation and Reconsideration is denied.
BALLEN, J.