[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#105)
The plaintiff, WNN Corporation d/b/a Advanced Commercial Quickprint Copy, filed a single-count complaint on October 19, 1994, alleging that the defendants Ken Lewis d/b/a Lewis Associates, American Wholesalers, and Eastern Electric, failed and refused to pay outstanding balances for printing services rendered by the plaintiff. In this action to recover on an express or implied contract to pay a definite sum of money, the plaintiff seeks money damages.
On April 19, 1995, the defendant Kenneth Lewis filed a motion to strike all the allegations of the plaintiff's complaint pertaining to Ken Lewis doing business as "American Wholesalers" and "Eastern Electric" on the grounds of misjoinder and nonjoinder. As required by Practice Book § 155, the defendant filed a memorandum of law in support of its motion to strike. The defendant also filed an affidavit and ten exhibits. The plaintiff filed a timely memorandum of law in opposition.
The purpose of a motion to strike is to determine the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The misjoinder of parties is properly raised on a motion to strike.Bemer Aviation, Inc. v. Overnite Transportation Co., 2 CSCR 539
(April 14, 1987, Noren J.). A motion to strike is the proper procedure for challenging the absence of a necessary party. Georgev. St. Ann's Church, 182 Conn. 322, 324-25, 438 A.2d 97 (1980). "A motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action." Practice Book § 152; see also George v. St. Ann's Church, supra,182 Conn. 325.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v.Bridgeport Housing Authority, supra, 208 Conn. 170. Introducing evidence on a motion to strike, or a "speaking" motion to strike, improper. Tilo Co. v. Fishman, 164 Conn. 212, 213, 319 A.2d 409
CT Page 7456 (1972). Where the legal grounds for a motion to strike are dependent upon underlying facts that are not alleged in the plaintiff's pleadings, then the defendant must "await the evidence which may be adduced at trial and the motion should be denied."Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990).
The defendant argues that its motion to strike all of the allegations of the plaintiff's complaint pertaining to the defendant doing business as "American Wholesalers" and "Eastern Electric" should be granted on the ground that the defendant has never done business under these trade names and has been misjoined in this action. The defendant further argues that the allegations pertaining to those two trade names address the acts and omissions of two corporations with which the plaintiff did business and which are necessary parties that have not been joined in this action.
The plaintiff argues in opposition that the motion to strike should be denied on the grounds that it would require this court to examine facts outside the pleadings; and that the plaintiff should be left to his proof regarding Ken Lewis doing business as "American Wholesalers" and "Eastern Electric."
The defendant's motion to strike is denied because it is a "speaking" motion and thus procedurally defective. In support of its misjoinder and nonjoinder arguments, the defendant submitted an affidavit of Kenneth Lewis in which he alleges that he has never done business under the trade names found in the plaintiff's complaint. The defendant also filed ten exhibits that include, among other things, copies of business cards, returned checks, two letters of good standing from the Secretary of State, a certificate of incorporation, and a telephone book entry.
These exhibits ostensibly demonstrate the existence of two corporate entities, American Wholesalers Underwriting, Inc. and Eastern Electrical Wholesalers Association, Inc., and the relation of each to the defendant, Kenneth Lewis. It is the defendant's contention that the plaintiff had actual knowledge that these are the two entities with which it did business and against whom it may hold uncollected debts, not "American Wholesalers" or "Eastern Electric"
Before this court could determine that the defendant has been misjoined in this action, and that the nonjoinder of necessary parties exists, the court would have to examine the submitted CT Page 7457 documentary evidence of the defendant. The purpose of a motion to strike however, is to determine the sufficiency of the attacked pleading, and "[t]he trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281,283, 449 A.2d 986 (1982). Examining only the challenged complaint, the plaintiff has a legally sufficient cause of action.
The defendant relies on the decision in Paul Lenis Company v.Rosenfeld, 2 Conn. L. Trib. No. 96, p. 3 (1976) for the proposition that an exception to the prohibition on "speaking" motions to strike exists when the basis for the motion is "nonjoinder of necessary parties, and presumably misjoinder of parties." In that case, the court noted the necessity for "speaking" to the extent the motion must state the name and address of the missing party together with his interest in the cause of action. Id.
The decision of that case is inapposite here, for several reasons. First, despite the defendant's presumption, the court inPaul Lenis Company does not mention misjoinder of parties. Furthermore, no "speaking" motion to strike will be permitted to' raise a nonjoinder claim if it necessarily also involves the resolution of disputed issues of fact. First Hartford Realty Corp.v. Ellis, 2 Conn. L. Trib. No. 81, p. 7 (1976). Whether or not Ken Lewis did business under the trade names "American Wholesalers" and "Eastern Electric" involves a disputed issue of fact, and thus no exception to the "speaking" prohibition exists here. Accordingly, the defendant's motion to strike is denied.
KARAZIN, J.