[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE FACTUALBACKGROUND
In March of 1996, plaintiff James Blois ("Blois") entered into an agreement with defendant Mark Chevrier ("Chevrier") to purchase substantially all the assets of Chevrier's lawn and garden care business, Colonial Lawn Care. The agreement called for the transfer of equipment used in the business as well as the transfer of existing contracts and customers.
By service of process on June 26, 1996, Blois filed a four-count complaint against Chevrier. Chevrier subsequently counterclaimed and filed a request to revise on September 9, 1996. Blois filed an amended complaint on November 21, 1996 with four counts sounding in breach of contract, breach of the covenant of good faith and fair dealing, fraud, and violation of CUTPA, § 42-110a et seq. Chevrier filed a motion to strike on December 2, 1996. Blois filed a renewed memorandum of law in opposition to the motion to strike on September 17, 1997. Oral argument was heard at short calendar on October 6, 1997.
LEGAL DISCUSSION
Defendant Chevrier offers two arguments why the motion to strike should be granted: 1) failure to join a necessary party and 2) that the prayer for relief does not correspond with the complaint.
I. Necessary Party
James Guimond has been incorporated into each of the four counts of the plaintiff's complaint. James Guimond, however, is not a party to the action. According to the complaint, James Guimond is a former associate of Chevrier. The complaint alleges that Guimond, with the knowledge, assistance and/or cooperation of Chevrier solicited the customers of Colonial Lawn Care following the agreement between Blois and Chevrier. Blois pleads this fact as an underlying element in each of his four counts CT Page 13558 against Chevrier.
Chevrier argues that Guimond is a necessary party to the case at hand. As such, Chevrier maintains that Blois' failure to join Guimond subjects the complaint to a motion to strike. Blois counters that Guimond is not a necessary party and does not have to be joined.
"Whenever a party wishes to contest . . . the legal sufficiency of any such complaint . . . or any count thereof, because of the absence of any necessary party . . . that party may do so by filing a motion to strike the contested pleadings or part thereof." (Citations omitted) George v. St. Ann'sChurch, 182 Conn. 322, 325, 438 A.2d 97 (1980).
"Necessary parties" have been defined as "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on and finally determine the entire controversy, and do complete justice by adjusting all the rights involved in it . . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties." (brackets in original) Biro v. Hill,214 Conn. 1, 5-6, 570 A.2d 182 (1990).
"[A] party is `necessary' if its presence is absolutely required in order to assure a fair and equitable trial." Id., 6. A party must be joined if the relief demanded couldn't be effectuated without the party being in the case. EmarDevelopment v. Wm. Raveis Real Estate Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 548632 (June 28, 1995, Corradino, J.). In the present case, James Guimond is not a necessary party and need not be joined.
Each count of Blois' complaint finds its basis in the sale agreement between Blois and Chevrier. Connecticut courts have held that a necessary party to a contract action is one who has, at the least, signed as a party to the contract. See Gorhamv. Mitsubishi Motor Credit, Superior Court, judicial district of New Haven at New Haven, Docket No. 352116 (December 9, 1993, Hadden, J.); Mountaindale Condominium Assn. v.Zappone, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 067279 (September 6, 1995, Pickett, J.). CT Page 13559 Furthermore, as a general rule, a contract cannot be enforced against a defendant who is not a party to the contract.Reynolds v. Owen, 34 Conn. Sup. 107, 111 (1977).
In the present case, James Guimond is not a party to the contract in dispute. Any relief sought by Blois can be granted without the joining of Guimond as a necessary party.
II. Prayer for Relief
Defendant Chevrier also moves to strike plaintiff Blois' prayer for relief on the ground that the prayer for relief does not correspond to the allegations of the complaint. Blois argues that the prayer for relief corresponds to at least one of the counts of the complaint.
"Whenever a party wishes to contest . . . the legal sufficiency of any prayer for relief in any such complaint . . . that party may do so by filing a motion to strike . . ." (Internal citations and quotation marks omitted.) Rowe v.Godou, 209 Conn. 273, 280 n. 10, 550 A.2d 1073 (1988). "The motion to strike a prayer for relief should be granted if the prayer for relief does not correspond to allegations of the complaint." Marshall v. Bessemer Trust Co., Superior Court, judicial district of Litchfield, Docket No. 065718 (April 18, 1995, Pickett, J.); see also Kavarco v. T.J.E.Inc., 2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984) (A motion to strike a prayer for relief is proper if the "relief sought could not be legally awarded to the plaintiff" due to the failure to allege sufficient facts to support the relief sought).
Blois' four-count complaint alleges: 1) breach of contract; 2) breach of the covenant of good faith and fair dealing; 3) fraud; and 4) a violation of CUTPA. Blois' prayer for relief calls for: 1) rescission of the contract; 2) damages; 3) costs; 4) interest; 5) attorneys' fees pursuant to General Statutes § 42-110 (g); and 6) such other and further relief as may apply in law or in equity.
The prayer for relief does correspond to the complaint. Damages, costs, interests and "other further relief" stem from common law. "As a general rule, in awarding damages upon a breach of contract, the prevailing party is entitled to compensation which will place him in the same position he would have been in had the contract been properly performed." (Internal citations CT Page 13560 and quotation marks omitted.) Kevin Roche-John Dinkeloo Associates v. New Haven, 205 Conn. 741, 749,535 A.2d 1287 (1988).
The CUTPA claim of count four corresponds specifically to ¶ 5 of the prayer for relief.[1] The demand for rescission of the contract corresponds to count three alleging fraud. "A person who has been defrauded has the right to elect to rescind the contract and receive the entire value in return or elect to receive the entire value in return or elect to receive damages."Silverston v. Norwich Savings Society, Superior Court, judicial district of Windham, Docket No. 049340, (January 19, 1995, Potter, J.); see Duska v. Middletown,173 Conn. 124, 129, 376 A.2d 1099 (1977).
Though not specifically enumerated (with the exception of attorneys' fees as per 42-110 (g)), every paragraph of Blois' prayer for relief is supported by the allegations of the complaint.[2]
 CONCLUSION
For the foregoing reasons, the defendant's Motion to Strike (#112) will be denied.
So ordered.
Michael Hartmere Judge of the Superior Court