[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Victoria Morse, filed a two count complaint on September 9, 1997, against the defendants, the Hopkins School and its headmaster, Thomas Rodd, Jr. The first count alleges that the defendants, by terminating the plaintiff, had breached their contractual duty to her. The second count alleges a breach of the covenant of good faith and fair dealing, and that, as a result, the plaintiff "suffered damages including . . . punitive CT Page 8270 damages." (Count Two, ¶ 14.) The plaintiff further seeks punitive damages in her prayer for relief. On November 10, 1997, the defendants filed a motion to strike the claim for exemplary, or punitive, damages from the plaintiff's prayer for relief on the grounds that such an award is not recoverable in a breach of contract claim.
As required by Practice Book § 155, now Practice Book (1998 Rev.) § 10-42, the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition.
The purpose of a motion to strike is "to allow testing of the legal sufficiency of the pleadings. . . ." George v. St. Ann'sChurch, 182 Conn. 322, 325, 438 A.2d 97 (1980). A motion to strike can be used to challenge "the legal sufficiency of any prayer for relief in any such complaint. . . ." Practice Book § 152(2), now Practice Book (1998 Rev.) § 10-39 (a)(2). Thus, the method to challenge the propriety of damages is through the motion to strike. Epstein v. Kupchunos, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 557888 (April 22, 1997, Sullivan, J.) (19 Conn. L. Reptr. 362). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v.Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980).
The defendant argues in its memorandum in support of its motion to strike that exemplary damages are not recoverable in breach of contract actions. Relying on Triangle Sheet MetalWorks, Inc. v. Silver, 154 Conn. 116, 222 A.2d 220 (1966), the defendant asserts that exemplary damages are called for only when there is "wanton and malicious injury, evil motive and violence."
The plaintiff responds that Connecticut has not foreclosed the possibility of exemplary damages in breach of covenant of good faith and fair dealing claims, and that her complaint falls within the rule allowing such damages.
In Connecticut, "[p]unitive damages are not ordinarily recoverable for breach of contract." Triangle Sheet Metal Works,Inc. v. Silver, supra, 154 Conn. 127. Recently, the Appellate Court set a very high standard for allowing exemplary damages. "[W]here there is no allegation or proof that the termination of employment is violative of an important public policy, punitive damages cannot be recovered on a claim that a termination CT Page 8271 constituted a breach of the implied covenant of good faith and fair dealing. . . ." Barry v. Posi-Seal International, Inc.,40 Conn. App. 577, 587-588, 672 A.2d 514, cert. denied 237 Conn. 917,676 A.2d 1373 (1996); see also Langewisch v. Chesebrough-Ponds, Superior Court, Judicial District of Middlesex, Docket No. 071745 (May 21, 1996, Lavine, J.).
The plaintiff does not allege any violation of public policy in her breach of the covenant of good faith and fair dealing count so as to support a claim for exemplary damages. Under the holding of Barry v. Posi-Seal Intern., Inc., supra, 40 Conn. App. 588, the defendants' motion to strike the claim for exemplary, or punitive, damages from the plaintiff's prayer for relief is therefore granted.
Howard F. Zoarski Judge Trial Referee