[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
This is a two-count complaint filed by the Commissioner of Environmental Protection against Karta Container Recycling, Inc. (first count) and Industrial Recycling System, Inc. (second count) alleging improper dumping and disposing of substances containing asbestos. Karta filed an answer and three special defenses. Industrial also filed an answer and three special defenses, but orally withdrew its first and second special defenses at the Short Calendar hearing held on April 13, 1998. Presently pending is plaintiff's motion to strike all three of Karta's special defenses and Industrial's third special defense.
Karta's first special defense alleges that the plaintiff has failed to join necessary parties. Industrial's third special defense and Karta's second special defense both seek to have the plaintiff equitably estopped from seeking remedies for alleged violations of General Statutes § 22a-252. Karta's third special defense claims that the plaintiff has waived its claims against Karta.
Industrial has filed a memorandum in opposition to the motion to strike. Karta failed to file a memorandum in opposition to the motion or present oral argument in opposition to the motion at the Short Calendar hearing held on April 13, 1998. Nevertheless, this court will address the merits of the motion against Karta. CT Page 8358
 — I —
Practice Book § 152, now Practice Book (1998 Rev.) § 10-39, provides:
 (a) Whenever any party wishes to contest. . . the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof.
 (b) A motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action.
Karta's first special defense states: "The complaint fails to join as necessary parties, Quinnipiac Group, Inc. and all other parties that transported bulky waste material to Q-Park during the times alleged in the complaint."
The exclusive remedy for nonjoinder of parties is by motion to strike. George v. St. Ann's Church, 182 Conn. 322, 325 (1980). Because the exclusive remedy for nonjoinder of parties is by motion to strike rather than special defense, the plaintiff's motion to strike Karta's first special defense is granted.
 -II-
Karta's second special defense provides: "Plaintiff is equitably estopped from asserting the claims in the Complaint as against Defendant Karta." Karta's third special defense provides: "Plaintiff has waived its claims as against Defendant Karta." "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v. Automobile Ins. Co. ofHartford, 230 Conn. 795, 802 (1994). Karta, has failed to allege CT Page 8359 any conduct by the plaintiff or its agents that would support its claims of estoppel and waiver, and its special defenses merely recite conclusions of law. Plaintiff's motion to strike Karta's second and third special defenses is granted.
 — III —
Industrial's third special defense, grounded on equitable estoppel, alleges:
 The Department of Environmental Protection [("DEP")] authorized the use of bulky waste fines from Industrial Recycling as alternative to daily cover and/or for other beneficial use a Q-Park Landfill. Prior to the issuance of this authorization, Industrial Recycling provided the Department with analysis of its bulky waste fines. . . . Industrial Recycling relied to its detriment on the Department's authorization for the use of Industrial Recycling's bulky waste fines by delivering the fines to the landfill.
In Kimberly Clark Corp. v. Dubnow, 234 Conn. 137, 146 (1987) involving the defense of estoppel against a public agency, our Supreme Court stated:
 [A]s a general rule, estoppel may not be invoked against a public agency in the exercise of its governmental functions. . . . [A]n exception to this general rule is made where the party claiming estoppel would be subjected to a substantial loss if the public agency were permitted to negate the acts of its agents. . . . We perceive no reason why this limited exception should not apply in an appropriate case to estop [a state agency]. . . .
. . . .
 Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in CT Page 8360 reliance on those facts, thereby incurring some injury. . . . In addition, estoppel against a public agency is limited and may be invoked: (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency. . . . As noted, this exception applies where the party claiming estoppel would be subjected to substantial loss if the public agency were permitted to negate the acts of its agents. [I]t is the burden of the person claiming the estoppel to show that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge.
Interpreting the same three elements cited inKimberly-Clark, our Supreme Court further stated in a more recent decision:
 To summarize, in order for a court to invoke municipal estoppel, the aggrieved party must establish that: (1) an authorized agent of the municipality had done or said something calculated or intended to induce the party to believe that certain facts existed and to act on that belief; (2) the party had exercised due diligence to ascertain the truth and not only lacked knowledge of the true state of things, but also had no convenient means of acquiring that knowledge; (3) the party had changed its position in reliance on those facts; and (4) the party would be subjected to a substantial loss if the municipality were permitted to negate the acts of its agents.
Bauer v. Waste Management of Connecticut, Inc., 234 Conn. 221,247 (1995).
Construing the facts in the pleadings most favorably to the defendant, no allegations support the proposition that the plaintiff should be estopped from asserting its rights against Industrial. Even a commissioner of a state agency "has no authority to waive an obligation so imposed by law, and CT Page 8361 consequently the state cannot be estopped from enforcing it by any conduct on his part." State v. Metrusky, 140 Conn. 26, 30
(1953). Thus, no DEP employee had the authority to grant permission to deliver materials containing unlawful amounts of asbestos to the Q-Park Landfill in violation of General Statutes § 22a-252 which contains specific prohibitions of such conduct. State v. Metrusky, supra, 140 Conn. 30. "State agents acting outside the scope of their authority cannot waive the rights of the State, nor can they estop the State from asserting its rights." Carothers v. Ferruolo, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 370888 (May 2, 1990, Hennessey, J.) (5 C.S.C.R. 338, 339) (granting the plaintiff, Commissioner of Environmental Protection's, motion to strike special defenses grounded on estoppel against a public agency). Plaintiff's motion to strike Industrial's third special defense is granted.
In summary, plaintiff's motion to strike is granted as to the defendant Industrial's third special defense and the defendant Karta's first, second and third special defenses.
Jerry Wagner Judge Trial Referee