[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Greenpoint Mortgage Corp. has filed a three count complaint against Olympia Mortgage Corporation (Olympia), Commonwealth Land Title Insurance Company (Commonwealth), Russell E. Klein (Klein) and Connecticut Light 
Power Co. (CLP). Count one sounds in breach of contract/warranty against Olympia; count two alleges breach of contract against Commonwealth; and count three names all defendants and seeks a declaratory judgment as to the parties' rights and legal interests.
The plaintiff alleges that Olympia loaned Klein $600,000, which loan was secured by a mortgage property located in New Fairfield. It subsequently purchased the loan from Olympia pursuant to a correspondent loan purchase agreement between them. Under the purchase agreement, Olympia was required to obtain an appraisal of the property as well as title insurance which was issued by Commonwealth.
Klein defaulted on the loan payments causing it to commence a foreclosure action. The plaintiff conducted an appraisal of the property which indicated that a material portion of the home located on the property may be located on property owned by CLP, and that the property is subject to another mortgage superior to the mortgage owned by the plaintiff.
Greenpoint alleges that Olympia breached the purchase agreement and that Commonwealth breached the title insurance policy. It also seeks a declaratory judgment against: (1) Olympia and Commonwealth, declaring its rights with respect to the losses suffered by it in connection with the Klein mortgage; and (2) declaring the rights and legal interests of all parties with respect to the portion of the Klein property which may encroach upon CLP's property. Commonwealth now moves to strike the declaratory count on the grounds that there is a more complete and adequate means of redress available to the plaintiff, and the complaint fails to allege that the parties are the only persons having interest in the subject matter of the declaratory action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . . A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . [W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) D'Amico v. Johnson,53 Conn. App. 855, 859 (1999). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) CT Page 9429Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Sherwood v.Danbury Hospital, 252 Conn. 193, 212-13 (2000). "[W]hether a court should grant declaratory relief is properly decided by a motion to strike."Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 293 (1991).
Commonwealth first argues that Greenpoint seeks complete relief in the breach of contract counts against Olympia and Commonwealth and, thus, the declaratory claim is superfluous because the plaintiff would be made whole if successful on either of the breach of contract claims. Commonwealth further argues that a declaratory judgment will not provide for complete relief because it will only declare the rights of the parties without assessing damages.
"The purpose of a declaratory judgment action, as authorized by General Statutes § 52-29 and [§ 17-55 of the Practice Book] is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties. . . . [Section 52-29(a) of the General Statutes] requires that a declaratory judgment declare rights and other legal relations. . . . Similarly, [§ 17-55] requires that the plaintiff be in danger of a loss or uncertainty as to his rights or other jural relations and that there be a bona fide issue in dispute or substantial uncertainty of legalrelations. . . . Thus, [d]eclaratory relief is a mere procedural device by which various types of substantive claims may be vindicated." (Citations omitted; emphasis in original; internal quotation marks omitted.) Wilson v. Kelley, 224 Conn. 110, 115-16 (1992).
Section 17-55 also sets forth the conditions for sustaining a declaratory action. "A declaratory judgment action may be maintained if all of the following conditions have been met: (1) The party seeking the declaratory judgment has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations; (2) There is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; and (3) In the event that there is another form of proceeding that can provide the party seeking the declaratory judgment immediate redress, the court is of the opinion that such party should be allowed to proceed with the claim for declaratory judgment despite the existence of such alternate procedure." Section 17-55. As to the third requirement, the Supreme Court has held that in order "[t]o deny declaratory relief on the ground of the existence of other remedies, it must appear that the asserted remedies are not only available but that they are speedy and adequate and as appropriate as the requested relief." Aaron v. Conservation Commission, 178 Conn. 173, 179
CT Page 9430 (1979).
Greenpoint asserts that the breach of contract counts against Olympia and Commonwealth are not complete and adequate relief. It argues that because CLP has rights or interests with respect to the legal relief sought in the declaratory action but has no interests in the breach of contract claims set forth against Commonwealth and Olympia, the declaratory judgment provides for remedies different from those in counts one and two. Thus, the declaratory judgment is seeking an alternate form of redress because of the different rights, interests and relief sought in the three counts. The court agrees with this contention. The breach of contract claims against Commonwealth and Olympia will not determine the rights of all parties as to the issue of title to the property and, thus, is not a complete and adequate remedy.
Commonwealth next asserts that the complaint is devoid of an allegation or attachment that professes that all necessary parties to the declaratory action have been either made a party to the action or given notice of the action. See § 17-56(b)-(d) of the Practice Book[1]. In addition to asserting that the complaint sets forth all necessary parties, the plaintiff argues that Commonwealth fails to provide the names and residences of any parties that need to be joined in this action, thereby making the motion to strike procedurally defective.
"Whenever any party wishes to contest . . . the legal sufficiency of . . . any complaint . . . because of the absence of any necessary party . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Section 10-39 (a) of the Practice Book; see also George v. St. Ann's Church, 182 Conn. 322, 325 (1980). "A motion to strike on the ground of the nonjoinder of a necessary party . . . must give the name and residence of the missing party . . . or such information as the moving party has as to the identity and residence of the missing party . . . and must state the missing party's . . . interest in the cause of action." Section 10-39(b); see also Bouchard v. People'sBank, 219 Conn. 465, 468 n. 3 (1991). The exclusive remedy set forth in the said Practice Book also applies to nonjoinder of indispensable parties. George v. St. Ann's Church, supra 325; Levine v. PoliceCommission, 28 Conn. App. 344, 351, cert. denied, 223 Conn. 923 (1992). Commonwealth argues that the plaintiff has failed to identify a missing party to the declaratory action; but Commonwealth failed to give the names and residences of any missing parties in its motion. Thus, the motion to strike is procedurally defective and fatally flawed.
Accordingly, for the above stated reasons, Commonwealth's motion to strike count three of the complaint is denied. CT Page 9431
Moraghan, J.T.R.