## W. G. GLENNEY COMPANY *v.* RICHARD BIANCO ET AL.
### (10102)

DALY, LANDAU and HEIMAN, Js.

Argued December 4, 1991—decision released March 24, 1992

*Thomas E. Minogue, Jr.,* with whom, on the brief, were *Jonathan D. Elliot* and *Neal L. Moskow,* for the appellants (defendants).

*Joseph Glass,* for the appellee (plaintiff).

DALY, J. The defendants, Richard and Joan Bianco, appeal from the trial court's judgment of strict foreclosure of a mechanic's lien on their house. The defendants claim that the trial court improperly (1) rendered judgment without joining the general contractor as a party to this action, (2) found that the defendants prevented the general contractor from completing performance, and (3) refused to apportion the debt owed by the defendants among all claimants having an interest in the debt as required by General Statutes § 49-36 (b).

The court found the following facts. The defendants entered into a written agreement with the general contractor for the construction of their house. The plaintiff subcontractor supplied materials to the general contractor that were used in the construction of the house. A dispute arose between the defendants and the general contractor that was ultimately submitted to arbitration. The arbitrator ruled that the general contractor was entitled to $101,000 for the work done at the defendants' residence. The award stated that the general contractor was to obtain all necessary approvals and permits from the town of Greenwich. The award further required that the $101,000 was to be placed in an escrow account to be distributed to those parties that were owed money for supplies or services used by the general contractor on the defendants' residence.

At the time of trial, the general contractor had failed to obtain a certificate of occupancy from the town of Greenwich. The town would not issue the certificate of occupancy until a hard-wired smoke detector was installed in one of the bedrooms as required by the state building code. The court found that the defendants prevented the general contractor from returning to install the smoke detector. The court concluded that

the debt owed to the general contractor by the defendants was now due, thus allowing the plaintiff to foreclose on the mechanic's lien.

The court determined that the plaintiff was entitled to $55,185.81 for the supplies provided to the general contractor. The defendants then sought apportionment of this payment pursuant to General Statutes § 49-36 (b). The court denied the defendants' application for apportionment.

I

The resolution of the issues in this case is governed by the statutory provisions concerning mechanic's liens set forth in General Statutes §§ 49-33 through 49-36. The mechanic's lien statute is "remedial in nature, designed to furnish security for a contractor's labor and materials." *Rene Dry Wall Co.* v. *Strawberry Hill Associates,* 182 Conn. 568, 573, 438 A.2d 774 (1980). Under Connecticut law, a subcontractor's right to enforce a mechanic's lien against a property owner is based on the doctrine of subrogation. *Seaman* v. *Climate Control Corporation,* 181 Conn. 592, 601–602, 436 A.2d 271 (1980). The theory of subrogation allows the plaintiff to recover only to the extent the general contractor could recover from the defendants. The mechanic's lien held by the plaintiff did not exceed the amount owed by the defendants to the general contractor for performance of the job as required by § 49-33.

The defendants challenge for the first time on appeal the plaintiff's failure to join the general contractor. The defendants argue that the general contractor was an "indispensable party" the absence of which deprived the court of authority to render its judgment. The defendants never filed a motion to strike the plaintiff's complaint for nonjoinder of a party as required by Practice Book § 198. The defendants are not challenging the validity of the plaintiff's lien.

There is some dispute as to whether the defendants waived reviewability of this claim. Practice Book § 198 provides that "the exclusive remedy for nonjoinder of parties is by motion to strike." Our Supreme Court has held that "[t]his exclusive remedy applies to nonjoinder of indispensable parties." *George* v. *St. Ann's Church,* 182 Conn. 322, 325, 438 A.2d 97 (1980). Nonjoinder of a party is not a jurisdictional issue because "General Statutes § 52-108 and Practice Book § 100 both explicitly provide that nonjoinder does not defeat an action." *DeRosa* v. *DeRosa,* 22 Conn. App. 114, 117, 575 A.2d 713 (1990). In *DeRosa,* we refused to review the claim that the trial court lacked jurisdiction in an action to partition property because of nonjoinder of the administrator of the owner's estate where the appellant did not file a motion to strike. Relying on *George* v. *St. Ann's Church,* supra, this court refused to review a party's claim that a corporation was an indispensable party where the party did not attempt to strike the complaint because of nonjoinder of parties. *Bowman* v. *Williams,* 5 Conn. App. 235, 238, 497 A.2d 1015 (1985), cert. dismissed, 201 Conn. 366, 516 A.2d 1351 (1986). Our Supreme Court, in its dismissal of the appeal in *Bowman* v. *Williams,* supra, 201 Conn. 367 n.1, noted that its decision did not constitute an endorsement of the finding that nonjoinder of an indispensable party was unreviewable when the party failed to strike the complaint.

This court, however, recently reviewed a claim of nonjoinder of an indispensable party despite the appellant's failure to move to strike the complaint. *Gaudio* v. *Gaudio,* 23 Conn. App. 287, 305–306, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990). The plaintiff in *Gaudio* alleged that her husband fraudulently transferred corporate stock to the defendant. The trial court found that it was a fraudulent conveyance and ordered the defendant to return the outstanding

corporate stock. The defendant claimed that an alleged owner of the corporate stock had to be joined as a party to dispose of the fraudulent conveyance claim properly. Id., 304–305. The plaintiff argued that because there was no motion to strike the fraudulent conveyance claim, this court could not review it. Id., 305.

In *Gaudio,* this court agreed with the defendant and reviewed the claim because, if the party that was not joined truly was an indispensable party, the action could not "be disposed of properly on its merits . . . ." Id. Therefore, despite the absence of a motion to strike, the claim of nonjoinder of an indispensable party was not waived on appeal. Id. A party is defined as indispensable if its interest in the case is such that a final judgment cannot be entered without either affecting the party's interest or leaving the case in such condition that its final resolution may be inconsistent with equity and good conscience. *Sturman* v. *Socha,* 191 Conn. 1, 6, 463 A.2d 527 (1983). After reviewing the evidence in *Gaudio* v. *Gaudio,* supra, we concluded that the case could be properly disposed of because the alleged stock owner did not in fact purchase any of the corporate stock. Because this person did not own any stock, the action could be disposed of without affecting his interest, thus, he was not an indispensable party. Id., 306–307.

We believe that because of the definition of indispensable party and its relation to the proper disposition of an action, it is necessary for us to review the defendants' claim even though they did not move to strike the plaintiff's complaint. The defendants argue that the general contractor is an indispensable party because they could be subject to paying both the general contractor and the plaintiff for the same expenses. Therefore, the final resolution of this case would be inconsistent with equity if they have to pay both the general contractor and the subcontractor for the same

work. Their claim is based on *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 198, 286 A.2d 308 (1971), where the court stated that "the general contractor should be made a party to an action for foreclosure of a subcontractor's lien where the amount due the general contractor is a material issue." We note however, that the court in *Jones Destruction, Inc.,* characterized the general contractor as a "necessary party"[1] and not an indispensable party. Id.

In the present case, the amount due the general contractor is not in dispute. The arbitration award established that the defendants owed the general contractor $101,000 for the work done on their house. The dispute between the defendants and the general contractor concerns the completion of the job. The court focused on the language of the arbitration award in determining that the amount due had already been established. According to this language, the payment of $101,000 constituted "full and final payment for work completed by" the general contractor. Although the court reasoned that the above language established the existence of a debt owed by the defendants to the general contractor, it deferred payment until certain documents, including the certificate of occupancy, were obtained by the general contractor.

The arbitration award also stated that the $101,000 was to be held in escrow "with the understanding that these funds will immediately be used to pay subcontractors and materialmen owed money on account of work done at the [defendants'] residence" for the general contractor. This fund was created for the benefit of the

[1] A necessary party is a person who has an interest in the outcome of the case and ought to be a party but the interest is separable from the parties' interest such that the court can render judgment without affecting the rights of the person. *Sturman* v. *Socha,* 191 Conn. 1, 6–7, 463 A.2d 527 (1983). The definitions of indispensable and necessary parties are similar and in practice it is difficult to distinguish between them. Id., 6.

subcontractors who worked for the general contractor. Payment by the defendants to the plaintiff will reduce the amount owed to the general contractor. The defendants will not be subject to double payments because their payments will decrease the fund established for the benefit of the subcontractors.

Additionally, the general contractor was not an indispensable party because General Statutes § 49-33 (f)[2] protects the defendants from being liable to both the plaintiff and the general contractor for the same services. Section 49-33 (f) allows the court to diminish the amount secured by a mechanic's lien in favor of a subcontractor "by (1) the reasonable cost of satisfactory completion of the contract, (2) any damages for which the general contractor might be liable to the owner, and (3) any bona fide payments that were made by the owner before it received notice of the lien." *Chris Construction Co.* v. *May Centers, Inc.,* 23 Conn. App. 453, 456, 581 A.2d 748 (1990). In *Chris Construction Co.,* the general contractor was not a party to that action. This fact further supports our conclusion that the general contractor is not an indispensable party in an action to foreclose a mechanic's lien by a subcontractor against the owner of the property.

---

[2] General Statutes § 49-33 (f) provides: "Any such subcontractor shall be subrogated to the rights of the person through whom the subcontractor claims, except that the subcontractor shall have a mechanic's lien or right to claim a mechanic's lien in the event of any default by that person subject to the provisions of sections 49-34, 49-35 and 49-36, provided the total of such lien or liens shall not attach to any building or its appurtenances, or to the land on which the same stands or to any lot or to any plot of land, to a greater amount in the whole than the amount by which the contract price between the owner and the person through whom the subcontractor claims exceeds the reasonable cost, either estimated or actual, as the case may be, of satisfactory completion of the contract plus any damages resulting from such default for which that person might be held liable to the owner and all bona fide payments, as defined in section 49-36, made by the owner before receiving notice of such lien or liens."

The foreclosure and payment of the mechanic's lien will not affect the general contractor's interest because the general contractor was required to pay the plaintiff for those supplies once it received payment from the defendants. The amount owed to the plaintiff is severable from the total amount owed to the general contractor by the defendants. Therefore, we hold that the general contractor was not an indispensable party that must have been joined in order to render a valid final judgment.

## II

The defendants challenge the court's finding that they prevented the general contractor from completing the job. The court found that the general contractor had to install only a smoke detector to complete performance and to obtain a certificate of occupancy. The court also found that the defendants prevented the general contractor from entering their premises to install the smoke detector. The defendants argue that there was no proof that they prevented the general contractor from finishing the job.

The trial court's finding that the defendants prevented the general contractor from completing performance was a disputed question of fact. "The resolution of conflicting factual claims falls within the province of the trial court. . . . 'The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . .' We cannot retry the facts or pass on the credibility of the witness[es]." (Citations omitted.) *Nor'easter Group Inc.* v. *Colossale Concrete, Inc.*, 207 Conn. 468, 473, 542 A.2d 692 (1988).

At trial, the president of the general contractor's construction company testified that the defendants told him not to return to the premises to install the smoke detector. The attorney representing the general con-

tractor's construction company also testified that the defendants told the general contractor not to return to the premises. One of the defendants testified that they did not prohibit the general contractor from returning to complete the job. The trial court resolved this conflict in favor of the plaintiff. Because there was evidence supporting this finding, we cannot hold that it was clearly erroneous.

## III

The defendants' last claim involves the court's refusal to apportion the debt found due the plaintiff pursuant to General Statutes § 49-36 (b).[3] The defendants assert that when judgment was rendered for the plaintiff there were also claims against the defendants for approximately $50,700. They argue that these claims combined with the plaintiff's claim exceeded the $101,000 debt owed to the general contractor. Because the claims exceeded the contract price, the defendants sought apportionment of payment among the claimants having liens on the residence in proportion to the amount of debts due each claimant. The court denied the defendants' application for apportionment.

The court's determination that the claims against the defendants' property did not exceed the $101,000 debt for the work done on the defendants' residence was a factual finding. The court's determination must stand unless we find that it was clearly erroneous. Our review of the record on the apportionment hearing reveals an inconsistency in the defendants' brief as to the amount

---

[3] General Statutes § 49-36 (b) provides: "When there are several claimants and the amount of their united claims exceeds that price, the claimants, other than the original contractor, shall be first paid in full, if the amount of that price is sufficient for that purpose; but, if not, it shall be apportioned among the claimants having the liens, other than the original contractor, in proportion to the amount of the debts due them respectively; and the court having jurisdiction thereof, on application of any person interested, may direct the manner in which the claim shall be paid."

of claims against the defendants. In their brief, the defendants claim that at the time of the hearing they faced a claim of approximately $44,000 from L & M Company related to work done on their residence. At the apportionment hearing, counsel for the defendants acknowledged that, in fact, the claim had been settled for $18,000. Thus, the claim reduced the debt owed by the defendants from $101,000 to $83,000. Therefore, at the time of the apportionment hearing, because of the defendants' negotiation, the original lien of $44,000 was reduced to $18,000 and was paid by the defendants. The remaining fund of $83,000 exceeded the sum of the plaintiff's lien for $55,185.81 and another lien for approximately $6700. The defendants' brief failed to address the effect of their settlement of the lien on the court's decision not to apportion the remaining claims. On the basis of the evidence presented to the trial court, we cannot find that its decision denying apportionment of the claims was clearly erroneous. The defendants did not establish that the claims against them exceeded the debt owed to the general contractor. Therefore, the trial court was not obligated by § 49-36 (b) to apportion the claims pro rata.

The judgment is affirmed.

In this opinion the other judges concurred.