[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 353
Kristian B. Larsen, Inc. which moved to intervene in this action to foreclose a mechanic's lien brought by a supplier, plaintiff Olive Electric Supply, Inc., has moved for an articulation of this court's denial of that motion.
Kristian B. Larsen, Inc. stated in its motion to intervene as a party defendant that it was the general contractor as to the project for which the plaintiff supplied materials, and it alleged that any claim by Olive Electric Supply, Inc. was subrogated to its own rights by operation of 49-33 C.G.S.
The court denied intervention noting that 49-33(f) C.G.S. permits the plaintiff's lien to be independently pursued absent an allegation that the movant general contractor filed its own sufficient mechanic's lien.
In motion 101.00, the movant claimed to be a necessary party for the adjudication of the plaintiff's claim. Since the movant conceded that it filed no mechanic's lien, the court concludes that it is not a necessary party as to the adjudication of the plaintiff's lien, and that Section 85 P.B., on which the movant apparently relied but did not cite, is not applicable, since the movant is not a party "necessary for a complete determination or settlement" of the claims in this lawsuit. Unless it is alleged that the amount due the general contractor is in issue, a circumstance not plead here, a general contractor is not a necessary party in an action to foreclose a mechanic's lien brought by a subcontractor or supplier. Jones Destruction, Inc. v. Upjohn,161 Conn. 191, 197-8 (1971).
The court denied the motion to intervene because the movant did not plead facts that demonstrated that the court could not render judgment without affecting its interests. Sturman v. Stocha, 191 Conn. 1, 6-7 (1983).
General Statutes 49-33(f) protects the defendant owner of the property from being liable to both the plaintiff and the general contractor for the same supplies. See W.G. Glenney Co. v. Bianco,27 Conn. App. 199, 205 (1992).
The motion to intervene was denied because the movant alleged no facts to establish that it is either a necessary nor an indispensable party. CT Page 354
Beverly J. Hodgson, Judge