[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard Clark, brings this action against the CT Page 6668 defendants, Rebecca and Sebastiano Gangemi, d/b/a Trumbull Shell Service Center, to recover damages for their alleged failure to repair his automobile. The plaintiff alleges that on August 1, 1992, he brought his automobile to the defendants' service station to have certain repairs performed. The plaintiff alleges that he paid $400.00 to the defendants, and the defendants failed to perform the repairs. The plaintiff further alleges that his automobile is still in the defendants' possession and is "in a state of complete disrepair."
In count one of the amended complaint, filed on February 4, 1994, the plaintiff asserts a negligence cause of action against the defendants. In count two, the plaintiff asserts a claim for breach of contract against the defendants. In count three, the plaintiff asserts a claim against the defendants pursuant to the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a et seq.
On March 2, 1994, the defendants filed a motion to strike the plaintiff's amended complaint along with a supporting memorandum of law. The defendants seek to strike the plaintiff's entire amended complaint on the ground of "misjoinder." The defendants argue that the plaintiff sued them in their individual capacities, and that the entity known as "Trumbull Shell Service Center" is owned and operated by Trangali, Inc. Thus, the defendants argue that Trangali, Inc. is the proper defendant. Additionally, the defendants move to strike counts one, two and three on the ground that these counts all fail to state legally sufficient causes of action. The file does not contain a memorandum in opposition.
Practice Book § 198 provides that "the exclusive remedy for nonjoinder of parties is by motion to strike." "Nonjoinder of a party is not a jurisdictional issue because General Statutes § 52-108 and Practice Book § 100 both explicitly provide that nonjoinder does not defeat an action." W.C. Glenney Co. v. Bianco,27 Conn. App. 199, 202, 604 A.2d 1345 (1992). "This exclusive remedy applies to nonjoinder of indispensable parties." George v. St.Ann's Church, 182 Conn. 322, 325, 438 A.2d 97 (1980). A party is defined as indispensable if its interest in the case is such that a final judgment cannot be entered without either affecting the party's interest or leaving the case in such condition that its final resolution may be inconsistent with equity and good conscience. Sturman v. Socha, 191 Conn. 1, 6,463 A.2d 527 (1983). CT Page 6669
 Necessary parties . . . have been described as "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.
Id. 6-7. Practice Book § 152(3) provides in pertinent part that "[a] motion to strike on the ground of nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action."
While the defendants seek to strike the plaintiff's entire amended complaint on the ground of "misjoinder," it is submitted that it is apparent from their motion and supporting memorandum of law that they are seeking to strike the complaint on the ground of "nonjoinder." And while the defendants do not characterize Trangali, Inc. as being either "necessary" or "indispensable," they do state that Trangali, Inc., as the owner and operator of Trumbull Shell Service Center, has an interest in the action which is pending before the court.
Trangali, Inc. as the owner of the service station, has an interest in the present action, and would, at the very least, be a necessary party for purposes of adjudicating this action. A final judgment in this case could also affect Trangali's interest in such a manner as to make Trangali, Inc. an indispensable party to this action. Accordingly, the defendants' motion to strike the plaintiff's entire amended complaint on the ground of nonjoinder is granted.
As this court has granted the defendants' motion to strike the entire complaint on the ground of nonjoinder, this court need not address the defendants' alternate argument, in which the defendants challenge the legal sufficiency of the plaintiff's negligence, breach of contract and CUTPA claims. CT Page 6670
RICHARD A. DAMIANI, JUDGE