[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Casa Builders, Inc., brings this action against the defendant, Lillian Siegel, to recover damages for the defendant's alleged breach of an oral contract. The plaintiff alleges that on July 16, 1991, the parties entered into an oral agreement whereby the plaintiff agreed to remove contaminated soil and an abandoned storage tank from a parcel of land owned by the defendant. The plaintiff alleges that it performed and completed the required work, and that despite its demand, the defendant has failed to pay the plaintiff for the services rendered. The plaintiff further alleges that the defendant owes the plaintiff $25,240.00 for said services.
On April 13, 1994, the defendant filed a motion to strike the plaintiff's complaint pursuant to Practice Book § 198, on the ground of nonjoinder a necessary party. The defendant argues that the CT Page 6285 plaintiff has failed to join the defendant's lessee, Richard Crabtree. The defendant further argues that Crabtree is a necessary party because he executed a release pursuant to which he agreed to hold the defendant harmless from any claims relating to the presence of hazardous materials upon the leased premises. A copy of the lease and the release agreement are attached as exhibits to the defendant's motion. The plaintiff filed an objection to the defendant's motion, along with a memorandum of law, on May 11, 1994.
Practice Book § 198 provides that "the exclusive remedy for nonjoinder of parties is by motion to strike." "Nonjoinder of a party is not a jurisdictional issue because General Statutes § 52-108 and Practice Book § 100 both explicitly provide that nonjoinder does not defeat an action." W.C. Glenney Co. v. Bianco,27 Conn. App. 199, 202, 604 A.2d 1345 (1992). "This exclusive remedy applies to nonjoinder of indispensable parties." George v. St.Ann's Church, 182 Conn. 322, 325, 438 A.2d 97 (1980). A party is defined as indispensable if its interest in the case is such that a final judgment cannot be entered without either affecting the party's interest or leaving the case in such condition that its final resolution may be inconsistent with equity and good conscience. Sturman v. Socha, 191 Conn. 1, 6, 463 A.2d 527 (1983).
 Necessary parties . . . have been described as "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on the rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it . . . . [B]ut if there interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.
Id., 6-7. Practice Book § 152(3) provides in pertinent part that "[a] motion to strike on the ground of nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action." CT Page 6286
The plaintiff, in its complaint, alleges that it entered into a contract with the defendant and that the defendant failed to pay for the services rendered by the plaintiff. The plaintiff does not allege that it ever contracted with Crabtree, or that Crabtree was in any way a party to the contract between the plaintiff and the defendant. The lease agreement and the release between the defendant and Crabtree do not make Crabtree a necessary or indispensable party to this action, as the issue of whether the defendant breached its contract with the plaintiff by failing to pay for the services rendered by the plaintiff can be litigated separately from any claims that the defendant may have against Crabtree pursuant to the lease and the release agreement.
Therefore, the defendant's motion to strike the plaintiff's complaint on the ground of nonjoinder is denied.
RICHARD A. DAMIANI, JUDGE