[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#125)
The plaintiff, Anthony A. Papa, filed an eight count complaint on February 6, 1992, alleging that the defendant, Thimble Creek Condominium Association, Inc. (Thimble Creek), had obstructed his right-of-way by parking (and permitting) parking, erecting (and permitting erection of) electric utility boxes, and demolishing plaintiff's signs advertising the sale of his lot. Papa further alleges that Thimble Creek claims an interest in his right-of-way.
On September 23, 1994, Thimble Creek filed a motion for summary judgment as to Papa's entire complaint. The supporting memorandum argues that Papa failed to name in his suit each condominium owner, each mortgage holder, and CLP (a utility company). Thimble Creek argues that the aforementioned are all indispensable parties and therefore there is a lack of jurisdiction over the subject matter requiring a dismissal of the action because these indispensable parties have not been joined. The plaintiff argues the contrary. The issue presented is essentially a question of law.
Although a motion to dismiss should be used to assert the court's lack of jurisdiction over the subject matter; see Practice Book § 143(1); "[w]henever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it `can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.'" Baldwin Piano Organ Co. v. Blake, 186 Conn. 295,297, 441 A.2d 183 (1982).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Ambroise v. William Raveis Real Estate. Inc.,226 Conn. 757, 764-65, 628 A.2d 1303 (1993). The court lacks subject matter jurisdiction only if it has no competence to hear the case. Bridgeport v. Debek, 210 Conn. 175, 180, 554 A.2d 728
(1989). In examining the issues, "every presumption is to be indulged in favor of jurisdiction." Gurliacci v. Mayer, 218 Conn. 531,543, 590 A.2d 914 (1991). Clearly, this court is competent to hear actions such as this one to quiet title.
Practice Book § 198 provides that "the exclusive remedy for nonjoinder of parties is by motion to strike." Practice Book § 198, quoted in W. G. Glenney Co. v. Bianco, 27 Conn. App. 199, 202,604 A.2d 1345 (1992). "This exclusive remedy applies to nonjoinder of indispensable parties." George v. St. Ann's Church, 182 Conn. 322, CT Page 11802 325, 438 A.2d 97 (1980). "Nonjoinder of a party is not a jurisdictional issue because General Statutes [§] 52-108 and Practice Book [§] 100 both explicitly provide that nonjoinder does not defeat an action." W. G. Glenney Co. v. Bianco, supra, 202.
Papa's failure to join allegedly indispensable parties does not implicate the subject matter jurisdiction of the court. Moreover, Thimble Creek has not raised the nonjoinder issue by the proper procedural vehicle, the motion to strike.
Ordinarily, the court need go no further in disposing of this matter. The above grounds are sufficient, standing alone, to deny summary judgment. However the issue of whether the individual unit owners are indispensable parties will likely surface again as a substantive issue since under General Statutes § 52-108, at any stage by order of the court new parties may be added as the interests of justice require. The interest of judicial economy dictates the issue be resolved at this time.
Under the Common Interest Ownership Act (CIOA), the plaintiff need not name individual unit owners of a common interest ownership property when suing the association. CIOA provides in pertinent part that "an action alleging a wrong done by the association must be brought against the association and not against any unit owner." General Statutes § 47-253. CIOA "is a comprehensive legislative scheme regulating all forms of common interest ownership that is largely modeled on the Uniform Common Interest Ownership Act. Public Acts 1983, No. 83-474." Nicotra Wieler InvestmentManagement. Inc. v. Grower, 207 Conn. 441, 447, 541 A.2d 1226
(1988). The Uniform Act describes at Comment 1 to § 3-111, the corresponding provision to the nearly identically drafted General Statutes § 47-253,[1] whom a plaintiff must name in a suit. 7 U.L.A. 237, 341-42 (1985). Comment 1 to § 3-111 states that "any action in tort or contract arising out of acts of omissions of the association shall be brought against the association and not against the individual unit owners. This changes the law in states where plaintiffs are forced to name individual unit owners as the real parties in interest to any action brought against the association." Id.
In other cases, Connecticut's Superior Court has used comments from the Uniform Act to interpret Connecticut's CIOA. See FederalDeposit Insurance v. Cardwell, 10 Conn. L. Rptr. 611, 612 (February 22, 1994) (Satter, S.T.R.); Colonial Manor Condominium Assn. v.Grippi, 11 Conn. L. Rptr. 422, 423 (April 20, 1994, Curran, J.); CT Page 11803Collins v. Townhouse Eighty-Eight Foundation Inc.,3 Conn. L. Rptr. 88, 89-90 (1991) (Aronson, J.). In fact, Connecticut's lawmakers studied the Uniform Act when designing Connecticut's CIOA. 26 H.R. Proc., Pt. 23, 1983 Sess., p. 8221 (stating that "[i]n 1981, the Chairman of the Judiciary Committee asked the Law Revision Commission to look at the uniform model act on common ownership property and see if Connecticut could adopt that"). The result is that "[w]hile [the Law Revision Committee] made some changes in the [Uniform] Act, [the Chairman] would say that 99 percent of the Act remains intact." Conn. Joint Committee Hearings, Judiciary, Pt. 6, 1983 Sess., p. 1824.
Connecticut's adherence to the statutory scheme and language of the Uniform Act evidences the Connecticut legislature's intent to adhere to the policies advanced by the drafters of the Uniform Act. This court concludes that Connecticut's legislature intended to change the common law and direct a plaintiff to sue a common interest ownership association without suing each individual owner. Accordingly Papa was not required to name individual owners at Thimble Creek as a condition precedent to his success on the merits or to establish jurisdiction in the first instance.
As to the mortgage holders, ten in number, they are beyond the ambit of this statute. The classic question remains whether in the interest of justice a complete determination cannot be made without their presence. Upon close scrutiny, in the factual context of this case, the defendants' bald assertion that these mortgagees have an interest directly affected by the outcome of this case is without merit. At best their interest is derivative and they stand in the shoes of the condominium owners. They are out of possession. Their title is not issue. Their mortgages are not affected. In no realistic sense can this court conclude that the parameters of the easement violations alleged by the plaintiff impact on the interests of the unnamed mortgagees. Their interest is not significant or directly affected by the outcome of this case. The defendants' assertion to the contrary is too speculative and remote. This court cannot and does not conclude that they are nonjoined necessary parties.
CLP stands on a different footing. The plaintiff complains of the erection of electric utility boxes in violation of his right of way and seeks their removal by way of injunctive relief. Should the court ultimately agree with the plaintiff's claims in this regard the interest of CLP will be directly affected. Accordingly, the court concludes that CLP is a necessary party. CT Page 11804 Pursuant to Practice Book Section 100 the court orders the plaintiff to cite in CLP as a defendant within the next 45 days or a judgment of dismissal shall enter upon application to the court.
The motion for summary judgment is denied.
Joseph A. Licari, Jr. Judge