[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANTS' MOTION TO DISMISS
This is an action in fraud, deceit and legal malpractice brought by the plaintiff Thomas A. Manning against the defendants Michelson, Kane, Royster Barger, P.C. (MKRB), Mike's Excavating of Norwich, Ltd. (Mike's Excavating) and Rene Gentes and Therese Gentes (Gentes). The defendants have moved to dismiss the complaint as to Mike's Excavating and the Gentes on the ground that the court lacks subject matter jurisdiction.
The plaintiff makes the following relevant allegations in the first count of the complaint. The plaintiff is an attorney admitted to the Connecticut bar. On or about November 2, 1989, Mike's Excavating hired the plaintiff to place a mechanic's lien against 10-Star Corporation (10-Star). The Gentes are the owners and officers of Mike's Excavating, and the mechanic's lien was verified and executed on behalf of Mike's Excavating by Therese Gentes. The plaintiff later delivered the mechanic's lien to Joseph Heap (Heap), a deputy sheriff, with instructions to serve it on 10-Star.
In May, 1990, 10-Star successfully moved to discharge the mechanic's lien based on improper service. On or about June 6, 1990, at the request of Mike's Excavating and the Gentes, the plaintiff brought suit against 10-Star to collect the debt owed to Mike's Excavating. After a review of the case, the plaintiff told Mike's Excavating and the Gentes that they should seek other counsel to collect the 10-Star debt because "the job was beyond the resources of a one-man law firm," and because if action against Heap should be called for, the plaintiff would have a conflict of interest inasmuch as the CT Page 8368 plaintiff had hired Heap.
Thereafter, Mike's Excavating hired MKRB as substitute counsel in the 10-Star collection action and MKRB entered an appearance in the case on September 10, 1990. On or about September 15, 1991, at the request of Mike's Excavating and the Gentes, the plaintiff wrote to MKRB to remind them that the two-year statute of limitations would soon expire on any action which Mike's Excavating might have against Heap.
On November 4, 1991, MKRB asked the court's permission to withdraw as counsel for Mike's Excavating and the Gentes in the 10-Star case. The court granted the motion based on statements made by MKRB to the court that the plaintiff continued to represent Mike's Excavating and the Gentes, when MKRB knew such statement to be untrue. MKRB failed to inform the court as to the potential conflict between the plaintiff and Heap. Because of these events, Mike's Excavating and the Gentes suffered damages to their reputations and loss of business and income.
In the second count of the complaint, the plaintiff makes the further following relevant allegations. MKRB's failure to pursue the 10-Star action, its lack of diligence in bringing suit against Heap and its withdrawal from the 10-Star action based on false statements, constitute negligent representation. MKRB's negligence caused Mike's Excavating and the Gentes to suffer damages relating to loss of business and reputation and caused the Gentes to suffer severe emotional distress. Mike's Excavating and the Gentes are made defendants under General Statutes § 52-101 and Practice Book § 83 because they have not consented to be joined as plaintiffs.
The defendants seek to dismiss the complaint as to Mike's Excavating and the Gentes on the grounds that the court lacks subject matter jurisdiction and that the plaintiff has no standing to bring this matter on behalf of the Gentes or Mike's Excavation. In opposition, the plaintiff argues that, because the complaint states personal claims against MKRB, the plaintiff has standing and can properly bring in the other defendants pursuant to General Statutes § 52-101.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of CT Page 8369 jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record. . . ." Practice Book § 143. "Standing concerns the legal right of an individual to set the machinery of the courts in operation. Standing goes to the court's subject matter jurisdiction." (Citations omitted.) Stroiney v. Crescent Lake Tax District,205 Conn. 290, 294 (1987).
A review of the complaint demonstrates that the plaintiff has standing to bring suit against MKRB because the first count states claims by the plaintiff personally against MKRB. In their motion to dismiss, the defendants move to dismiss the complaint as against Gentes and Mike's Excavation due to lack of standing, but nowhere do they claim that the plaintiff lacks standing to bring suit against MKRB. Therefore, the defendant's motion to dismiss for lack of standing must be denied as to the first count.
The second count of the complaint states a claim for legal malpractice against MKRB on behalf of the plaintiff's former clients, Mike's Excavating and the Gentes. Nowhere does the second count state that the plaintiff hired MKRB to perform legal services for him. The first count clearly states that the plaintiff recommended to Mike's Excavating that it hire outside counsel, but the complaint does not allege any contractual or professional relationship between MKRB and the plaintiff. Therefore, the plaintiff does not have standing to bring a suit for legal malpractice against MKRB and the second count must be dismissed based on a lack of subject matter jurisdiction.
The remaining issue is whether the plaintiff has the right to join the other named defendants pursuant to § 52-101, which states:
 All persons having an interest in the subject of a civil action, and in obtaining the judgment demanded, may be joined as plaintiffs, except as otherwise provided; and, if one who ought to be joined as plaintiff declines to join, he may be made a defendant, the reason therefor being stated in the complaint. CT Page 8370
The plaintiff appears to assert that, since he has standing to bring suit against MKRB in the first count, he also has the right to bring in Gentes and Mike's Excavating as defendants when they refused to join in as plaintiffs. The plaintiff's interpretation of the statute is overly broad. "General Statutes 52-101 provides in part that a person shall be made a party if that person is necessary for a complete determination or settlement of an action." Miano v. Bazzano, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 510509 (January 27, 1993, Hale, STR). "A necessary party is a person who has an interest in the outcome of the case and ought to be a party but the interest is separable from the parties' interest such that the court can render judgment without affecting the rights of the person."W.G. Glenney Co. v. Bianco, 27 Conn. App. 199, 204 n. 1 (1992).
The Gentes and Mike's Excavating have no interest in the outcome of this case nor are they necessary for a complete adjudication of the plaintiff's rights. While the plaintiff couches his complaint in terms of protecting the rights of his former clients, Mike's Excavating and the Gentes have attached affidavits to their motion to dismiss which specifically state that they "do not agree with Attorney Mannings' allegations of wrongdoing and malpractice by Michelson, Kane, Royster 
Barger, P.C., and [they] do not want to make any claims against Michelson, Kane, Royster and Barger, P.C. in connection with their representation of [our] interests pertaining to the 10-Star debt or matters related in anyway to that debt." (Affidavits of the Gentes and Mike's Excavating, paragraph 5). Also attached to the motion to dismiss are copies of releases that extinguish any claims that the Gentes or Mike's Excavating may have against MKRB.
In view of these releases and affidavits, the court can not reasonably find that the Gentes and Mike's Excavating are necessary parties under § 52-101. The plaintiff is trying to protect claims that do not exist and the adjudication of their interests can not be said to have an affect on the interests of the plaintiff.
The defendants, however, inappropriately move to dismiss the first count when what they are actually trying to do is to remove Mike's Excavating and the Gentes from the pleadings based on a misjoinder of parties. This is properly done by a CT Page 8371 motion to strike and not by a motion to dismiss. Practice Book § 198. Therefore, the court must deny the defendants' motion to dismiss as to the first count of the complaint.
For the reasons stated above, the defendants' motion to dismiss is denied as to the first count of the complaint and is granted as to the second count the complaint.
Hendel, J.