[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 9, 1996
The plaintiff, Main Street Marketing, Inc., has filed suit, against the defendant, American Security Products (ASP), alleging breach of contract for marketing services. The defendant filed a motion to strike the complaint on the grounds of the absence of a necessary party, International Direct, Inc.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215. "[T]he exclusive remedy for nonjoinder of parties is by motion to strike." W.G. Glenney Co. v. Bianco,27 Conn. App. 199, 202, 604 A.2d 1345 (1992).
According to the defendant, the complaint asserts that the plaintiff supplied the defendant with marketing services pursuant to a service agreement, which was appended to the complaint. The service agreement identifies both the defendant, and a nonparty, International Direct, as parties to the agreement. The defendant argues that since both parties are named in the agreement they are jointly liable for the benefits and costs of the agreement, and therefore International Direct is a necessary party.
"Necessary parties have been described as `persons having an interest in the controversy, and who ought to be made in parties, in order that the court may act on that rule which requires it to decide on, and finally determine entire controversy, and do complete justice. But if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.'" Sturman v. Socha, 191 Conn. 1, 7,463 A.2d 527 (1983).
The defendant cites the following authority for his CT Page 5402 proposition, "where two or more promisors enter into an agreement with a third party for one performance, there is a presumption that the promisors are acting jointly in the absence of words of severance in the contract." Schubert v. Ivey, 158 Conn. 583, 588,264 A.2d 562 (1969); Williston, Contracts (3d Ed.) § 320. The agreement at issue, however, is not for a single performance. The agreement laid the groundwork for a series of performances to be provided to "American Security Products, Inc. and/or International Direct, Inc." This can be described as promises of separate performances by two or more persons. See 4 Corbin on Contracts (1951) § 926. "An employer may make wholly separate contracts with each of his employees; but he can produce the same legal effect by a single contract with several employees. Each employee may therein promise to render separate service, for which the employer promises each of them a separate compensation. The performances promised are separate performances; and there is no `joint' promise under either modern or ancient law. Whether or not this is what the parties mean is a matter of interpretation but when so interpreted each one can sue or be sued separately for breach." 4 Corbin on Contracts (1951) § 926. The complaint alleges that services were rendered to American Protective Services, Inc. on September 7, 1994 under the terms described in the agreement, which was signed November 30, 1993, and the defendant became indebted to the plaintiff for those services. The agreement describes the general terms governing the party's dealings. In order to perform the contract, however, one of the companies must send the plaintiff the inserts, and that could be either ASP or International Direct, or both. The party who sent the inserts then promises to pay commensurate with the quantity of inserts. The plaintiff only alleges that ASP requested the service. Pursuant to Practice Book § 152, the movant must identify the missing party's interest, but here the defendant has not alleged that Independence was involved in the performance of the contract. Accordingly, the defendant has not identified the missing party as "persons having an interest in the controversy" and the motion to strike is denied.
D'ANDREA, J.