[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Motion to Strike (Docket Entry No.107)
On April 12, 1996, the plaintiff, Rothschild, Barry Myers, filed a one count complaint alleging a fraudulent transfer against the defendants, Elena B. Dreiske, trustee of the Charles Blount, Trust, Elena Dreiske, trustee under the will of Mildred B. Blount and Lorna Christopherson, trustee under the will of Mildred B. Blount. The plaintiff alleges that Elena Dreiske, as trustee of the Charles Blount, Jr. Trust, transferred 259 and 269 Saugatuck Avenue, in Westport, Connecticut to Elena Dreiske and Lorna Christopherson, as trustees under the will of Mildred B. Blount. The plaintiff further alleges that it had a claim against the property prior to the transfer; the transfer was made to hinder, delay or defraud the plaintiff; and, the transfer was made without receiving a reasonably equivalent value in exchange.
On September 11, 1996, the defendant, Lorna Christopherson (defendant), as trustee under the will of Mildred B. Blount, filed a motion to strike the complaint on the ground of nonjoinder of necessary parties. The plaintiff filed a memorandum in opposition on February 18, 1997.
The defendant lists as necessary parties: Elena B. Dreiske, individually; as trustee of the Mercedes M. Blount Trust; as executor of the estate of Charles Blount, Jr.; and, as executor of the estate of Mercedes M. Blount. The defendant argues that the missing defendants are all liable on the underlying note through which the plaintiff claims an interest in the subject property. The defendant further contends that the listed parties are necessary as they are liable on the same instrument. See Practice Book § 93.
"[T]he exclusive method to raise the issue of nonjoinder of an indispensible party is by way of a motion to strike the plaintiff's complaint. . . ." Hilton v. New Haven, 233 Conn. 701,723, 661 A.2d 973 (1995). "A party is defined as indispensible if its interest in the case is such that a final judgment cannot be entered without either affecting the party's interest or leaving the case in such condition that its final resolution may be inconsistent with equity and good conscience." W.G. Glenney Co.CT Page 4825v. Bianco, 27 Conn. App. 199, 203, 604 A.2d 1345 (1992).
The plaintiff has alleged a violation of the Uniform Fraudulent Transfer Act, General Statutes § 52-552a through 52-5521. The plaintiff has not brought an action on the note on which its claim on the property is based. The plaintiff has alleged that the property was transferred by Elena Dreiske, as trustee of the Charles Blount, Jr. Trust, to Elena Dreiske and Lorna Christopherson, as trustees under the will of Mildred B. Blount, all of whom are presently parties to the action. As the action is not on the note, but rather in regard to the allegedly fraudulent transfer of the property, Elena Dreiske, individually, and in her other capacities listed above, is not a necessary party to this action. Accordingly, the defendant's motion to strike is denied.
West, J.