[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 10, 1997, the plaintiff, Vincent Merola II, filed a complaint on behalf of his son, Vincent Merola III, against the defendant, Peter F. Ripley. The complaint alleges that the son was a passenger in the defendant's vehicle when the defendant negligently made a left turn against oncoming traffic, causing the vehicle to collide with another vehicle. The accident in question occurred in the state of Massachusetts and the driver of the other vehicle is a resident of Massachusetts. Both the plaintiff and the defendant are residents of Connecticut. CT Page 1133
On November 12, 1997, the defendant filed a motion to strike the plaintiff's complaint for failure to join an indispensable party, the driver of the other vehicle. Pursuant to Practice Book § 155, the defendant filed a memorandum of law in support of the motion to strike. On November 17, 1997, the plaintiff, filed an objection to the defendant's motion to strike. The plaintiff, however, did not file a memorandum of law in support of, the objection until December 4, 1997. On December 1, 1997, the defendant filed a reply to the plaintiff's objection.
"As set forth in Section 152, the exclusive remedy for nonjoinder of parties is by motion to strike." Practice Book § 198. "This exclusive remedy applies to nonjoinder of indispensable parties." George v. St. Ann's Church,182 Conn. 322, 325, 438 A.2d 97 (1980). A necessary party is a person "having an interest in the controversy, and who ought to be made [a party], in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties." Biro v. Hill, 214 Conn. 1, 5-6,570 A.2d 182 (1990). "The definitions of indispensable and necessary parties are similar and in practice it is difficult to distinguish between them." W.G. Glenney Co. v. Bianco,27 Conn. App. 199, 204, n. 1, 604 A.2d 1345 (1992). "A party is defined as indispensable if its interest in the case is such that a final judgment cannot be entered without either affecting the party's interest or leaving the case in such condition that its final resolution may be inconsistent with equity and good conscience."W.G. Glenney Co. v. Bianco, supra, 203.
In support of the motion to strike, the defendant argues that the court cannot proceed to judgment and do complete and final justice without joining the operator of the other vehicle. According to the defendant, to proceed without the other operator would leave the liability determination incomplete because the other driver's liability could not be considered by the court in apportioning damages. Principally, the defendant argues that because the other driver is a resident of Massachusetts, this court may not exercise personal jurisdiction over that driver if the defendant attempts to have liability apportioned pursuant to CT Page 1134 General Statutes § 52-102b. To support this argument, the defendant relies on Florian v. Florian, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 298784 (October 15, 1993, Ballen, J.).
The plaintiff's objection to the motion to strike states that the defendant's argument is deficient on several fronts. Specifically, the plaintiff claims that the defendant's argument regarding personal jurisdiction over the Massachusetts driver is conjecture because the defendant has made no attempt to bring the driver into the lawsuit. The objection also states that the plaintiff released any claims against the other driver and the defendant may file notice pursuant to General Statutes § 52-102b(c). Attached to the objection is a copy of the release.
In response to the plaintiff's objection, the defendant first replies that the plaintiff failed to file a timely memorandum of law in support of the objection and as such the objection should be overruled on that ground. As well, the defendant argues that because the other driver is not a Connecticut resident, that driver is immune from suit and the defendant may not file notice pursuant to General Statutes § 52-102b(c).
Initially, the court addresses the choice of law issue which is apparent in this case. Again, the accident in question occurred in Massachusetts but both the plaintiff and the defendant are residents of Connecticut. The defendant's motion to strike raises the issue of whether a person is an indispensable party because the defendant cannot bring that person in for apportionment of liability. This issue may be disposed of by determining whether that person's liability can be considered. For if the court determines that the person's liability can be considered, the defendant's argument necessarily fails. The determination of whether or not a person's liability may be considered by the court is more accurately labeled a matter of procedural law than substantive law. As such, "[t]he judicial rule of thumb [is] that in a choice of law situation the forum state will apply its own procedure." (Citation omitted.) PaineWebber Jackson Curtis. Inc. v. Winters, 22 Conn. App. 640, 650,579 A.2d 545 (1990). Accordingly, Connecticut law applies to the particular issue at hand. At this juncture, this court does not decide whether Massachusetts or Connecticut substantive law should apply. The ultimate decision of which state's law should be applied is best left to the trial judge. Kolpa-Acker v. HertzRent-A-Car, Superior Court, judicial district of Litchfield, CT Page 1135 Docket No. 064111 (August 7, 1995, Pickett, J.) (15 Conn. L. Rptr. 9).
In ruling on the defendant's motion to strike, the court first recognizes the plaintiff's failure to file a timely memorandum of law in support of his objection. Practice Book § 155 provides, "[i]f an adverse party objects to [the motion to strike] he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with § 120 a memorandum of law." In 1989, however, Practice Book § 155 was amended to delete the provision allowing the failure to file timely opposing memorandum as a consent to the granting of the motion. Yet, "despite the amendment to Conn. Practice Book § 155, the filing of a memorandum in opposition to a motion to strike is mandatory and the failure to file such may still serve as a ground for granting a motion to strike." Olshefski v. Steinner et al., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 351899 (September 27, 1990, Clark, J.) (2 Conn. L. Rptr. 477, 478). In this case, the plaintiff's failure to file a timely memorandum of law will not result in the granting of the motion.
Before addressing the merits of the defendant's argument, the court notes that such argument is more appropriately made upon a motion to dismiss. Conventionally, a discussion of personal jurisdiction arises from an individual's own challenge to the exercising of jurisdiction over that person. In fact, the case which the defendant relies on for the proposition that the other driver's liability may not be considered by this court, Florianv. Florian, is a case in which the third-party defendants successfully moved to dismiss the defendant's cross-complaint for lack of personal jurisdiction. Florian v. Florian is not a case in which the court held that a motion to strike the plaintiff's complaint should be granted because the court lacked personal jurisdiction over a person the defendant might attempt to add as a party. Nonetheless, a determination of whether personal jurisdiction may be exercised over the other driver is secondary to whether the other driver is an indispensable party. Accordingly, discussion of the issues raised by the defendant's motion and the plaintiff's objection is warranted.
In determining whether the other driver involved in the accident is an indispensable party, the critical inquiry for this court is what relevance the second sentence of General Statutes CT Page 1136 § 52-102b(c) has, in light of the first sentence of that same subsection, when a case arguably presents facts relating to both. For the gravamen of the defendant's motion to strike is that the other driver is an indispensable party because of her involvement in the accident but that this court cannot consider her liability because she is a Massachusetts resident over whom this court may not exercise personal jurisdiction. This argument goes to the "immune from liability" language contained in the first sentence of § 52-102b(c). Conversely, the plaintiff's objection goes to the second sentence of § 52-102b(c) by stating that the plaintiff has released any claim against the other driver and that the defendant may file a § 52-102b(c) notice.
This court is reminded that "[t]he purpose of statutory construction is to give effect to the intended purpose of the legislature . . . If the language of the statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." (Citations omitted.) State v. DeFrancesco,235 Conn. 426, 435, 668 A.2d 348 (1995).
The express language of the relevant sentences within §52-102b(c) is clear. The first sentence provides that a person who is immune from liability may not be made an apportionment defendant nor may that person's liability be considered for apportionment purposes pursuant to section 52-572h. A person is immune from liability when the court lacks personal jurisdiction over that person. Wilson v. State, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 386665 and 373901, (April 13, 1994, Sullivan, J.) (11 CONN. L. RPTR. 376). Assuming that this court lacks personal jurisdiction over the Massachusetts driver, she would be immune from liability and could not be made an apportionment defendant nor could her liability be considered for purposes of § 52-572h.
The second sentence of § 52-102b(c) is equally clear. According to that sentence, "if the defendant claims that the negligence of any person, who was not made a party to the action, was a proximate cause of the plaintiff's injuries or damage and the plaintiff has previously settled or released the plaintiff's claims against such person, then a defendant may cause such person's liability to be apportioned by filing a notice specifically identifying such person by name and last known address and the fact that the plaintiff's claims against such person have been settled or released." In this case, the CT Page 1137 plaintiff has submitted a copy of the release in which he releases his claims against the Massachusetts driver. Accordingly, if the defendant claimed that the Massachusetts driver's negligence was the proximate cause of the plaintiff's injuries, the defendant could file such notice to have that person's liability apportioned.
Thus, one provision in § 52-102b(c) seems to lend the conclusion that the Massachusetts driver's liability may not be apportioned while another provision suggests that it may be apportioned. The legislative history of § 52-102b, Public Act 95-111, does not indicate that the General Assembly contemplated a factual scenario as presented in this case. In fact, this court is not aware of another Connecticut case that has addressed this precise issue. Given the clear language of each of the provisions, however, the required outcome in this case is apparent.
In the present case, the defendant has not made a motion to add the Massachusetts driver as a defendant pursuant to § 52-102b. Moreover, this case is not at the stage where damages are apportioned. Therefore, the first sentence in § 52-102b(c) would seem to have little relevance to the case at hand. The only relevance presents itself in the defendant's motion to strike which states, "this matter cannot be disposed of in an equitable manner because [the Massachusetts driver's] liability cannot be considered by the court in apportioning damages . . . [i]f [the Massachusetts driver's] liability cannot be considered by the court in apportioning damages, the defendant may be held liable for damages that should have been attributed to [the Massachusetts driver]."
The defendant's contention negates the facts of this case. In this case, the plaintiff has released the Massachusetts driver from any claim related to the accident. This release makes the second provision of § 52-102b(c) relevant. Again, this provision allows a person's liability to be considered by the court, regardless of whether or not they are immune from liability, if the plaintiff has previously settled or released their claims against that person and the defendant files a proper notice. While the legislative history of § 52-102b(c), Public Act 95-111, does not explain why the legislature included this provision, such a provision comports with the treatment of released persons under General Statutes § 52-572h(n). Section52-572h(n) provides that "a release settlement or similar CT Page 1138 agreement entered into by a claimant and a person discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides. However, the total award of damages is reduced by the amount of the released person's percentage of negligence determined in accordance with subsection (f) of this section."
Thus, the language of the second provision in § 52-102b(c) compliments the language of § 52-572h(n). Section 52-102b(c) inherently recognizes the public policy of the state that settlements be encouraged while providing fairness to the defendant by offering a means of having the released person's liability apportioned. Such fairness mimics the effect of doing away with joint and several liability whereby "a party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable noneconomic damages and the recoverable noneconomic damages." General Statutes §52-572h(c). In conjunction with § 52-572h(n), section 52-102b(c) provides a similar protection to the defendant, when there is a released person, without the burdensome procedure of trying to make that person a party.
Accordingly, this court holds that because the plaintiff released the Massachusetts driver, the defendant may have that driver's liability apportioned if the defendant files notice in accordance with § 52-102b(c). If the Massachusetts driver is determined to be a proximate cause of the plaintiff's injuries or damage, the total award of damages will be reduced by the amount of that driver's percentage of negligence, pursuant to § 52-572h(n). Therefore, the defendant's argument that the Massachusetts driver is an indispensable party because liability cannot be fully determined without her fails. Under the facts of this case, the Massachusetts driver is not an indispensable party because the final resolution of the case may be consistent with equity and good conscience since that driver's liability can be considered by this court upon proper notice. This holding, however, should not be construed to read that if the Massachusetts driver's liability could not be considered, for lack of a release, that the motion to strike should be granted for nonjoinder of a necessary party. Such a reading would enable a defendant to point to any person immune from liability in order to have the plaintiff's complaint stricken. Rather, a factually similar case in which there is no release to invoke the second provision of § 52-102b(c) leaves the defendant with the task of attempting to add the person pursuant to § 52-102b. CT Page 1139
For the reasons discussed, the defendant's motion to strike is denied.
HON. WALTER M. PICKETT, JR. State Judge Referee