[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 16134
The plaintiff, Lyon Billard Company, filed a complaint on August 27, 1997, alleging the following facts. On March 15, 1996, the defendants, Stephen Della Bella (Della Bella) and Lilly Lake Inn, Inc. (Lilly Lake Inn), entered into an agreement with the defendant, John Sigel, doing business as Allstate Building and Remodeling (Sigel). Sigel, under the terms of the agreement, was to improve a parcel of land situated in Wolcott, Connecticut, which was owned by Della Bella or Lilly Lake Inn, or both. Sigel contracted with the plaintiff, Lyon Billard Company, for the supply of building materials. The amount due to the plaintiff, which has not been paid, for the building materials was $12,594.75. On October 23, 1996, the plaintiff filed a mechanics lien and notice in the amount of $12,594.75 on the Wolcott land records against the defendants, Della Bella and Lilly Lake Inn, pursuant to General Statutes § 49-33.
On November 21, 1997, Della Bella and Lilly Lake Inn filed their answer and special defense. On August 6, 1998, Della Bella and Lilly Lake Inn filed a cross-complaint against codefendant Sigel. Subsequently, on September 28, 1993, Della Bella and Lilly Lake Inn filed a motion for summary judgment (#116) against the plaintiff.[1] On September 17, 1999, Della Bella and Lilly Lake Inn filed a motion for summary judgment (#127) against co-defendant Sigel.[2]
On June 8, 2000, Della Bella and Lilly Lake Inn filed a supplemental memorandum of law in support of its #116 motion for summary judgment. On June 12, 2000, this court, granted Della Bella and Lilly Lake Inn's #127 motion for summary judgment against co-defendant Sigel as to liability only.[3] On July 28. 2000, the plaintiff, Lyon Billard Company, filed an objection to Della Bella and Lilly Lake Inn's motion for summary judgment dated September, 17, 1999 (#127).[4] On the same day, the plaintiff filed a separate objection to Della Bella and Lilly Lake Inn's motion for summary judgment dated September, 17, 1999 (#127), as if the motion was directed against it.[5]
On August 7, 2000, Della Bella and Lilly Lake Inn filed the present motion for summary judgment (#136) against the plaintiff on the ground that no genuine issue of material fact exists and that the defendant is entitled to judgment as a matter of law. On August 25, 2000, the plaintiff filed an objection to this motion.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Practice Book § 384 [now § 17-49] provides that summary judgment shall be CT Page 16135 rendered forthwith if the pleadings affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted; internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385-86, 752 A.2d 503 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000)
Under the mechanic's lien statute, General Statutes § 49-33(a),[6]
"[t]hose who provide services or materials in connection with the construction of a building are entitled to claim a lien on the land that they have improved if they fall into one of two categories. Lienors are protected if they have a claim either (1) by virtue of an agreement with or the consent of the owner of the land, or (2) by the consent of some person having authority from or rightfully acting for such owner in procuring labor or materials. "Seaman v. Climate Control Corporation,181 Conn. 592, 595, 436 A.2d 271 (1980). Accordingly, "for the plaintiff to establish that its services were lienable, it must demonstrate that (1) it rendered services within the ambit of § 49-33(a) and (2) these services were rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land. . . ." (Internal quotation marks omitted.) Ceci Bros., Inc. v. Five Twenty-OneCorp., 51 Conn. App. 773, 781, 724 A.2d 541 (1999).
"Under Connecticut law, a subcontractor's right to enforce a mechanic's lien against a property owner is based on the doctrine of subrogation. . . . The theory of subrogation allows the plaintiff to recover only to the extent the general contractor could recover from the defendants." (Citations omitted.) W.G. Glenney Co. v. Bianco, 27 Conn. App. 199, 201,604 A.2d 1345 (1992). General Statutes § 49-33(f) provides in relevant part that a "subcontractor shall be subrogated to the rights of the person through whom the subcontractor claims.
"In [Connecticut], a subcontractor's right to a mechanics lien is said to flow from his equitable entitlement to the lien which would otherwise attach in favor of the general contractor. . . . Subrogation is consistent with, and an integral part of, our statutory provisions CT Page 16136 limiting the totality of mechanic's lien to the unpaid contract debt owed by the owner to the general contractor." (Citations omitted.) Seaman v.Climate Control Corporation, supra, 181 Conn. 601-02 (1980). The lienable fund is limited to "the unpaid obligation to the general contractor." Id., 602.
Here, Della Bella, as owner of Lilly Lake Inn, contracted with Sigel for improving the property. Sigel, as the general contractor, in turn subcontracted with the plaintiff for the purchase of materials needed for the improvements. The plaintiff is therefore subrogated to the rights of Della Bella and Lilly Lake Inn because it only claims through them with regard to its mechanic's lien. See General Statutes 49-33 (f). The plaintiff's mechanic's lien is limited to any "unpaid obligation" by Della Bella and Lilly Lake Inn, the owners, to Sigel, the general contractor. See Seaman v. Climate Control Corp., supra, 181 Conn. 602. It follows that there can be no lienable fund once Sigel's lien rights have been extinguished when this court granted the motion for summary judgment by Della Bella and Lilly Lake Inn against Sigel as to liability.
The plaintiff argues that in the companion case, Sigel v. Della Bella, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 142423, (October 14, 1997), this Court determined that there were disputed issues of fact after reviewing an affidavit of Sigel and, therefore, the same issues of fact exist in the present case.[7]
However, this argument is both factually and legally, incorrect. In the companion case, this Court first denied Della Bella's motion for summary judgment on May 20, 1998, but, subsequently granted the motion on February 8, 2000. The plaintiff's argument in the present case is therefore factually inaccurate and legally incorrect because once the court granted Della Bella's summary judgment motion against Sigel as to liability in this case, a lienable fund ceased to exist since there is no longer any "unpaid obligation" owed by Della Bella and Lilly Lake Inn to Sigel.
The plaintiff further argues that under General Statutes §49-36(b),[8] its subcontractor's lien should be paid with priority over the general contractor's lien. Accordingly, the plaintiff argues that Sigel, as a general contractor, may not have the same incentive as a subcontractor because he would not be paid at all if the lienable fund would be inadequate to satisfy a judgment in favor of both Sigel and the plaintiff. There is no merit to this argument. In the wake of this court's granting summary judgment in favor of the owners against Sigel, Sigel not only lacks the incentive to continue the action against the owners, he does not have the legal capacity to do so. Further, the plaintiff cannot rely on § 49-36(b) because the statute is predicated on a situation in which both the general and the subsidiary contractors obtain a CT Page 16137 judgment in their favor against the owners. His claim having been extinguished, Sigel has "no right to which any one could be subrogated"; see Seaman v. Climate Control Corp., supra, 181 Conn. 599; and the plaintiff subcontractor's claim must necessarily fail under the doctrine of subrogation. See id., 601-602.[9]
For the foregoing reasons, the motion for summary judgment is granted.
THOMAS G. WEST, J.