[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE (# 106)
I. Factual and Procedural History
By way of a nine count revised complaint filed with the Superior Court on February 4, 1998, the plaintiff, Jeffrey Zimmermann seeks relief from the defendants, Connecticut College and Claire Gaudiani, for the defendants' alleged actions in terminating the plaintiff's employment.
The plaintiff, Jeffrey Zimmermann was employed in the Department of Physical Education and Athletics by Connecticut College from 1970 until June, 1997, when his employment was terminated because he was allegedly "unfit to perform his professional duties as a member of the Connecticut College faculty". The plaintiff claims that Connecticut College terminated his employment based upon the American Red Cross's (Red Cross) "unfounded and false claims" and that those claims, together with the revocation of his Red Cross certification, led to the College's actions. In the present action, the plaintiff has not asserted any claims against the Red Cross.
On March 3, 1998, the defendants filed a "motion to strike, CT Page 8109 or, in the alternative, to dismiss" the plaintiff's revised complaint. The defendants also filed a memorandum in support and attached exhibits. On March 16, 1998, the plaintiff filed an opposing memorandum and also filed a request to amend his complaint. This court (Handy, J.) heard oral argument on March 23, 1998. On April 3, 1998, the defendants filed a reply memorandum of law.
II. Discussion
Initially, this court addresses the procedural posture of the defendants' motion. "Practice Book § 112 [now Practice Book (1998 Rev.) § 10-6] sets forth the order in which pleadings are to be filed. It states that a motion to dismiss is to be filed before a motion to strike. Practice Book § 113 [now Practice Book (1998 Rev.) § 10-7] states that [i]n all cases, when the court does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section. . . . Thus, generally, pleadings are not to be filed out of the order specified in Practice Book § 112 [now Practice Book (1998 Rev.) § 10-6], and the filing of a pleading listed later in the order set out by [that section] waives the right to be heard on a pleading that appears earlier on the list." (Emphasis omitted; internal quotation marks omitted.) Sabino v. Ruffolo, 19 Conn. App. 402, 404,562 A.2d 1134 (1989).
The defendants "move to strike the [p]laintiff Jeffrey Zimmerman[n]'s Revised Complaint in light of [his] failure to join [the Red Cross] as a necessary or indispensable party to this litigation."[1] In support of its motion, the defendants argue that because Zimmermann alleged that the Red Cross made "unfounded and false claims" when it revoked his certification and that he alleged the College relied exclusively on the Red Cross's determination to revoke his certification, that the Red Cross is a necessary or indispensable party to this action. The defendants direct this court's attention to paragraphs 6, 15(a), 15(m), and 22 of the plaintiff's revised complaint. Further, the defendants argue that because Zimmermann alleges, in paragraphs 16(n) and 23, that he began a Y.M.C.A. certification course, which he alleged to be "inferior" to the revoked Red Cross certification, Zimmermann was required to bring suit against the Red Cross, as well as these defendants. The defendants argue that CT Page 8110 because Zimmermann alleges that the College had a duty to defend him against the Red Cross in paragraph 6 of the operative complaint, that the Red Cross is "inextricably involved" and is, therefore, a necessary and indispensable party. Finally, the defendants contend that this court "lacks subject matter jurisdiction in this matter in the absence of the . . . Red Cross as a party."
While this court has "discretion to overlook the simultaneous filing of the motion to dismiss and the motion to strike and consider the motion to dismiss"; Sabino v. Ruffolo, supra,19 Conn. App. 405; "a motion to dismiss is not the proper method to raise the issue of the nonjoinder of a party. Instead, theexclusive remedy for nonjoinder of parties is by a motion tostrike." (Emphasis added.) Levine v. Police Commission,28 Conn. App. 344, 351, 612 A.2d 787, cert. denied, 223 Conn. 923,614 A.2d 823 (1992). "This exclusive remedy applies to nonjoinder of indispensable parties." (Internal quotation marks omitted.)George v. St. Ann's Church, supra, 182 Conn. 322, 325,438 A.2d 97 (1980). Further, "[n]onjoinder of a party is not a jurisdictional issue . . . and does not defeat an action." W.G.Glenney Co. v. Bianco, 27 Conn. App. 199, 202, 604 A.2d 1345
(1992).
Accordingly, this court will treat the defendants' motion as a motion to strike.
Additionally, this court is limited "to consideration of the facts alleged in the complaint." Doe v. Marselle,38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds,236 Conn. 845, 675 A.2d 835 (1996); see also Cavallo v. Derby Savings Bank,188 Conn. 281, 285-86, 449 A.2d 986 (1982). As previously noted, the defendants attached materials to its motion. While it is true that "not every argument in a motion to strike is rendered defective by the moving party's allegation of some fact not contained in the pleadings, regardless of whether that fact is relevant for each argument in the motion"; Liljedahl Bros., Inc.v. Grigsby, 215 Conn. 345, 348-49, 576 A.2d 149 (1990); this court will disregard the defendants' attached exhibits, as those exhibits attempt to make factual claims outside of the pleadings in the instant case. Further, this court will disregard the defendants' reply memorandum as it merely recites portions of the transcript of the plaintiff's termination hearing. Such information is unnecessary and cannot be considered by this court in the instant matter. Doe v. Marselle, supra, 38 Conn. App. 364. CT Page 8111
As previously noted, the defendants move to strike the entire complaint based upon the argument that the Red Cross is an indispensable party. The defendants contend that the paragraphs wherein the plaintiff refers to the Red Cross render the complaint vulnerable to a motion to strike. "[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." (Citations omitted; internal quotation marks omitted.) Zavo v. Montanaro, Superior Court, judicial district of Fairfield Bridgeport at Bridgeport, Docket No. 313902 (January 25, 1995, Cocco, J.); see alsoZamstein v. Marvasti, 240 Conn. 549, 553, ___ A.2d ___ (1997) (trial "court struck paragraph twenty-eight of the plaintiff's complaint because the court construed it as a claim for loss of filial consortium . . ."); Ahsan v. Olsen, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 314430 (November 9, 1987, Wagner, J.) (3 C.S.C.R. 55). In the present case, the defendants improperly move to strike paragraphs of the plaintiff's complaint which do not purport to set forth an independent cause of action. The inclusion of the Red Cross in certain paragraphs of the complaint does not render the entire complaint vulnerable to a motion to strike. This court, therefore, will not strike the plaintiff's complaint.
As previously noted, however, in response to the defendants' motion, the plaintiff filed a request to amend his complaint wherein he purports to delete the Red Cross. The defendants object to the request to amend on the ground that said request should not be considered while the defendants' motion is pending. In the spirit of elevating form over substance, however, this court rejects the defendants' argument.
III. Conclusion
Accordingly, the defendants' motion to strike is denied. The plaintiff's request to amend his complaint is granted.
Handy, J.